HILLIARD, by next friend, v. CARR AND KETCHUM.

1. No objection will be allowed in an appellate court to the complaint in a proceeding for an unlawful detainer, which was not made before the justice of the peace, if it is not so defective in substance that no judgment can be rendered for any particular premises.

2. Where the notice to relinquish the possession previous to exhibiting the complaint for an unlawful detainer, was given by the attorney at law of an infant, in the absence of any thing appearing to the contrary, it will be intended on error, that he was employed by the guardian or next friend of the infant.

3. As it is a matter within the discretion of the court trying a cause, to grant or refuse a new trial, the refusal to grant it, on the ground that the motion therefor, was not made in due time, is not revisable on error.

4. The act of 1840 " To provide a more perfect remedy in cases of unlawful detainer in the city of Mobile," provides, that if the judgment of the justice of the peace in such case be reversed, by the circuit court, there shall be a trial de novo by jury in that court. &c.: Held, that on an appeal or writ of error to the supreme court, it will be allowable to assign errors in the record, arising previous to the judgment of reversal.

WRIT of error to the Circuit Court of Mobile.

This was a proceeding for an unlawful detainer, commenced

and tried before a justice of the peace. The complainant repre-sents that the plaintiff in error was in possession for a certain pe-riod, (which is stated,) by the defendants as his tenants at will, of certain premises situate in the city of Mobile, and described as follows, viz: "Bounded west by Water street, on which it fronts one hundred feet, south by Walker's cotton press, (so called,) east by the channel of the river, and having the same width front as in the rear, being the premises commonly known as the Hilliard or Bebee property." It is further stated, that the "petitioner has an estate in the premises by a judgment at law in an ejectment, upon an unsatisfied mortgage, which still remains forfeited." Further, that the defendants unlawfully detain the possession of the premi-ses from your petitioner, after due notice to relinquish the same to him, &c."

The defendants appeared and pleaded, "not guilty," and on an issue thereto, the cause was tried. On the trial, the plaintiff offer-ed a notice to the defendants in evidence, which is in these words: "Gentlemen, you are required forthwith to relinquish possession of the premises now by you occupied, described as follows, to wit, the lot or parcel of land lying east of Water street, and next north of Walker's cotton press, having about one hundred feet width on that street, and extending with the same width east-wardly, to the channel of the river, including a wharf, the premi-ses being the same commonly denominated the Hilliard or Bebee property.

"I remain, gentlemen, respectfully J. F. Adams, attorney at law, and agent for George Hamilton Hilliard, proprietor of the premises."

To the admission of the notice, the defendants objected, on the ground that it was insufficient; but their objection was overruled, and thereupon they excepted. They then moved the court to charge the jury that the notice was not such as the defendants were bound to regard, and by holding over after its receipt, they were not guilty of an unlawful detainer. Whereupon the court charged the jury, that the notice was a sufficient demand of the possession, and the defendants again excepted. The jury return-ed a verdict for the plaintiff, and a judgment was thereupon ren-dered in his favor for the recovery of the premises described in the complaint, besides his costs, &c.

It is shown by the proceedings before the justice of the peace,

that the cause was tried on a Saturday in January, 1842, the verdict returned, and the court adjourned *sine die*. On the Monday following, before the justice had written out and signed judgment, the defendants moved him for a new trial, on the ground that the verdict of the jury was contrary to the law and evidence: after due consideration, the motion was overruled—the justice being of opinion that he had not the power by law to grant a new trial at the time when it was asked.

The proceedings before the justice were removed by *certiorari* to the circuit court, where it was assigned for error. 1. That the complaint was insufficient to sustain the action or the judgment. 2. That the justice erred in the matters stated in the bill of exceptions: And 3. In the refusal to grant a new trial. The court adjudged that the third assignment was well taken and for that cause reversed the judgment of the justice; and thereupon proceeded to the trial of the cause *de novo* by a jury at the bar of the court. On that trial a verdict was found for the defendants, and a judgment was thereupon rendered against the plaintiff for costs.

Among other errors assigned are, 1. The reversal of the judgment of the justice of the peace. 2 The reversal of that judgment and awarding a trial *de novo*.

ADAMS and PECK, for the plaintiff in error.

CAMPBELL and DARGAN, for the defendants.

COLLIER, C. J.—As the parties went to trial before the justice of the peace, without objection on the part of the defendants to the complaint, this court will not now inquire whether it is defective in point of form; but if it be so much wanting in substance that no judgment can be rendered for any particular premises, it will be allowable for a revising court to consider its defects. Such is the decision in Wright v. Lyle, [4 Ala. Rep. 112,] yet the court in that case were of opinion; that if the verdict and judgment contained such a description of the premises as to identify them with reasonable certainty, so as to enable the officer to execute the writ of possession without danger of trespassing on the rights of others, the insufficiency of the complaint would be unavailable, unless it had been objected in the primary court. In the present case, no exception was taken before the justice to the form of the

proceedings, but an issue was made up and the cause submitted to the jury, with the assent of both parties. The complaint describes the premises with such certainty as to make their identification a matter of no difficulty—it also alleges the possession of the plaintiff, the tenancy at will of the defendants—the demand of possession, and unlawful detainer by them. These allegations it is believed, make it sufficient in point of substance.

In respect to the notice for the delivery of the possession of the land in question. the act of February, 1840, "to provide a more perfect remedy in cases of unlawful detainer, in the city of Mobile," enacts that the "landlord or landlords, lessor or lessors, or the person to whom the remainder or reversion, &c. shall belong, his or their agent, or attorney," shall give the same. It is not denied that an attorney at law is authorized to give the notice, but it is insisted, that as the plaintiff was an infant, he was not competent to appoint an agent or attorney, to act for him. Conceding this to be the law, and yet it cannot be assumed as a legal conclusion, that the direct appointment of the plaintiff was the only authority under which the attorney represented his interest. The reasonable inference in the absence of extrinsic proof, showing the contrary, is, that the attorney was retained by the guardian or next friend, and this presumption acquires increased strength from the fact, that the same attorney made the complaint, and conducted the proceedings on the part of the plaintiff before the justice. That it was competent for the defendants to have controverted by proof, the authority of the attorney to represent the plaintiff, is not denied by us, but this is a point not now necessary to be considered.

In Bridges & Beers v. Miller, [3 Ala. Rep. 746,] it was decided that the granting or refusing a new trial, was a matter within the discretion of the court trying the cause; and however determined, cannot be revised on appeal or writ of error. And further, the refusal to decide upon such a motion, is no objection to a judgment otherwise regular; for as the appellate court cannot examine into its merits, and ascertain whether it should have been granted—it cannot undertake to say that the party complaining has been prejudiced by refusing to decide upon his application for a new trial. This is a conclusive authority to show that the circuit court should not have reversed. the judgment of the justice, for the refusal to order a new trial; and whether the

reason of the justice for the decision which he made, was well founded or no, is a question wholly immaterial.

The fifth section of the act cited, provides, if the judgment rendered by the justice on the trial of an unlawful detainer be reversed, the cause shall be tried *de novo;* and the court shall instruct the jury, if they find a verdict for the defendant, to assess the damages sustained by the defendant in consequence of the issuance of the writ of restitution; and shall give judgment against the complainant and his securities for the amount of the damages, as well as award a writ of possession in favor of the defendant.— It is insisted by the defendants, that when the judgment is reversed, and a trial by jury is had in the circuit court, a writ of error after the cause is thus disposed of, will not authorise a revision of any point arising previous and up to the time of reversal. This argument, it is believed, cannot be maintained. If the judgment was improperly reversed, the order for a trial was irregular, and in point of law, unauthorised; and the effect, unless it could be corrected, would be to divest a right which had been ascertained by the legal judgment of a competent court. It may be well questioned whether the plaintiff in this case could, after reversal had been announced, arrest a trial *de novo,* in order to sue a writ of error, or take an appeal; the defendants themselves had rights to be affected by such a trial; and upon principle, it would seem, might have pressed it. Be this as it may, *the court appears to have ordered a trial,* and though the plaintiff appeared before the jury, the record does not show that he gave his assent to the action of the court. Under these circumstances, we cannot think that he is foreclosed as to all matters occurring previous to the trial.

We have said, that the judgment of the justice was improperly reversed. This being the case, it follows that the subsequent trial was irregular. The judgment of the circuit court is consequently reversed, and the cause remanded, that a *procedendo* may thence issue to the justice of the peace trying the cause, or his successor in office.