## SNODDY v. WATT.

1. Objections to the sufficiency of a complaint in an action of unlawful detainer must be taken by demurrer or otherwise in the primary court, and all defects are cured by verdict, if the premises ascertained by that, are described with sufficient certainty to enable the executive officer of the court to ascertain the lands recovered.

2. To warrant proceeding for an unlawful detainer, it is not necessary the defendant shall be a tenant of the plaintiff, or at enant of his tenant; it is sufficient if he holds under, from, by, or by collusion with the plaintiff's tenant.

Error to the Circuit Court of Madison.

ACTION by Mary Watt against Snoddy for an unlawful detainer, commenced berore a justice of the peace, and removed by the defendant to the Circuit Court by *certiorari.*

The complaint is in these terms, to wit:

" The undersigned, Mary Watt, represents that Nathaniel H. Snoddy, of the county of Madison, unlawfully detains from her a tract of land, in the county aforesaid, containing 320 acres, it being the same on which Alezander G. Watt formerly resided, and which was once sold by the undersigned, Mary Watt, to the said Snoddy, and being the same tract or parcel of land, on which the said Snoddy now resides, and did reside last year, (and which was rented for the year 1844, from the complainant, by George McLeod, and occupied by the said McLeod, in the county aforesaid. The metes and bounds of which are the same as in the deed on record, by W. Echols, trustee to the complainant.) She represents that he is unlawfully detaining the same, and has been unlawfully detaining and holding the same from the first day of the present year, when this complainant was entitled to the possession, (her estate is in fee simple.) she therefore prays, &c.

77

The defendant demurred to the complaint, because the premises were not sufficiently described ; his demurrer was sustained, and the plaintiff had leave to amend the complaint, and it is stated in the transcript she did so amend; but if the complaint is not the amended one, then the amendment is not set out in the record.

The defendant then pleaded not guilty, on which issue the plaintiff had a verdict, finding the defendant guilty. The justice thereupon rendered a judgment of restitution of the premises aforesaid.

At the trial, the defendant requested the justice to charge the jury—

1. That unless they believed the defendant was the tenant of Mrs. Watt, they should find for the defendant.

2. That unless the jury believed Snoddy recognized McLeod as his landlord, then they should find for the defendant.

These were refused.

In the Circuit Court, Snoddy assigned the following errors, to wit:

That the complaint is defective and insufficient in this—

1. That it does not contain a sufficient description of the premises sought to be recovered.

2. The complaint does not show the defendant was the tenant of the plaintiff for life or lives, year or years, and holding over as such, or that the defendant was in by collusion with any one being the tenant of the plaintiff, and holding over.

3. That no actual possession is shown to ever have been had by the plaintiff.

4. The complaint does not show that demand for the premises was made of the defendant, or notice given in writing.

5. The complaint does not show the plaintiff had such interest in the land as to entitle her to an action for unlawful detainer.

6. The justice should have given the charges asked for.

The Circuit Court affirmed the judgment of the justice. This affirmance is now assigned as error, and all the questions made in the Circuit Court are opened.

Robinson, for the plaintiff in error, upon the defects of the complaint, cited 4 Ala. Rep. 112; 6 Ib. 486; 4 Ib. 170; Minor, 131; 2 S. & P. 219; 1 Porter, 144.

He insisted also that the charges refused should have been given, as no recovery could be had unless Snoddy was the tenant, or in as the tenant of a tenant.

McClung, contra, insisted—

1. That no objection to the complaint can be taken on error, to which the attention of the court trying the cause was not called. [Wright v. Lyle, 4 Ala. Rep. 114; 6 Ib. 559.]

2. Here the description of the land is sufficient within the rule expressed in 4 Ala. Rep. 115, but even if the description was defective, it is cured by the verdict. [1 Stew. 41.]

3. Conceding that no possession is shown in the plaintiff, by the complaint, that defect is cured by the verdict, as unless such was the fact, no verdict could have been had. [2 S. & P. 220; Stinson v. Gosset, 4 Ala. Rep. 171.]

4. The evidence in the case is not set out, so it cannot be known under what proof the charges were refused. It is clear, however, that a suit for an unlawful detainer will lie under the statute, against any one in the possession by collusion with the tenant, although he may not hold of the tenant as landlord. [Dig. 251, § 5.]

GOLDTHWAITE, J.—1. The rule in this court is, that the complaint in actions for forcible entry or a detainer will not be looked to for defects, unless a demurrer was interposed and overruled in the court below. [Hilliard v. Carr, 6 Ala. Rep. 557; Wright v. Lyle, 4 Ib. 112.] Here the defendant's demurrer was sustained, and if the amendments were not satisfactory, he should have demurred again. In the cases just cited, we held, however, if the defect in the description of the premises recovered was so uncertain, that no judgment could be rendered for any particular premises, a reversal would be the consequence.

In Sturdavent v. Murrill, 8 Porter, 322, with reference to the description necessary in ejectment suits, we said it must be such as will inform the defendant what he is to defend against, and the court for what it is called to render judg-

ment.  In the case before the court, the complaint des-
cribes the land sought to be recovered, as containing 320
acres, being the same on which the defendant resided at the
time of the complaint, and had resided the preceding year.
This we think was sufficiently precise to inform the party
what he was required to answer, and there is no difficulty in
advising the executive officer of the court of the same mat-
ter.  But independent of this, it is also described as land
which the plaintiff rented to a named person, in 1844, and
which then was occupied by him.  These descriptions would
either of them be good in a deed, or devise, and, in our judg-
ment, are so in a complaint of this nature.  There is much
intrinsic difficulty in describing lands, when the precise metes
and bounds are not determined by natural or artificial objects,
and in general, a description, by referring to the occupancy
of individuals in possession, is as certain as is necessary.

2.  As all the objections to the complaint, except the one
just examined, are, under the decisions cited, considered as
cured by the verdict, it only remains to ascertain, whether
or not, there was error in refusing the specific charges de-
manded by the defendant.  It will be seen, the evidence be-
fore the jury is not stated; therefore, if the charges might
correctly be refused, under any condition of proof, there is
no error shown on the record.

The statute makes a distinction between forcible detainers
and such as are unlawful only.  The latter class seems to ap-
ply chiefly, if not exclusively to tenants who shall wilfully, and
without force, hold over against their landlords, or the persons
to whom the remainder, or reversion of the estate leased, still
belong, after demand and notice in writing, for the delivery
of the possession.  But it extends also, to all persons in pos-
session of the lands, &c., *by, from, or under, or by collusion,*
with the tenant.  [Dig. 251, § 5.]  Now, in view of this
statute, it is very clear the defendant might be guilty of an .
unlawful detainer, although he was not a tenant of the plain-
tiff.  Nor is it necessary it should be shown, he recognized
the tenant of the plaintiff, who we will presume, was in the
occupation of the premises the preceding year, as his land-
lord, because, if he was in under him, or by him, or by col-
lusion with him, he was amenable to the plaintiff in this form

of action. The statute intended to protect the possession of the landlord, against any act of the tenant, or the acts of others permitted by him. There is nothing shown in the record from which we can pronounce this was not the condition of the defendant, and therefore cannot say the refusals so to instruct the jury was erroneous.

There is no available error disclosed by the record, and the judgment is affirmed.