# Jonsen v. Nabring.

*Action of Unlawful Detainer, by Judgment Debtor against Claimant under Purchase at Execution Sale.*

1. *Demurrer on appeal from justice.* — In an appeal case from the judgment of a justice of the peace, in an action of unlawful detainer, the court should not consider any other causes of demurrer than those specially assigned before the justice, if the complaint is not substantially defective; and the causes of demurrer assigned before the justice, if they are not also urged on the appeal, are waived, and will not be considered on error in this court.

2. *Plea of tender.* — The statute which requires that a plea of tender "must be accompanied by a delivery of the money to the clerk of the court" (Rev. Code, § 2648), does not apply to actions commenced before a justice of the peace.

3. *Payment or tender by judgment debtor desiring to redeem.* — A judgment debtor, desiring to redeem lands which have been sold under execution against him, is only

[Jonsen v. Nabring.]

required to "pay or tender" the purchase-money, &c. (Rev. Code, §§ 2511–12); and if the tender is refused, he may maintain an action of unlawful detainer for the land without paying the money into court.

4. *Pleadings and proof.* — In an action of unlawful detainer, brought by a judgment debtor, to recover lands which have been sold under execution against him, and which he has attempted to redeem, the pleadings are the same as in an ordinary action of that kind; and if issue is joined on the plea of not guilty, he must show a sale by the sheriff, a purchase by the defendant, or the person under whom he holds, a delivery of possession by him to the purchaser, a payment or tender of the purchase-money, with ten per cent. *per annum* interest, and all lawful charges, and a notice in writing to the tenant in possession to quit.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. JOHN ELLIOTT.

This action was brought by Henry Nabring, against Carlen Jonsen, and was commenced before a justice of the peace, on the 10th day of September, 1872. The complaint was in the usual form of an action of unlawful detainer, with these additional averments: That the lands sued for were sold by the sheriff of Mobile, on the 7th day of February, 1870, under execution against the plaintiff, and were bought at the sale by B. B. Cox, at the price of $100; that said Cox, " soon after said sale, went into the possession of said real estate, the plaintiff yielding said possession without demand on him;" that the plaintiff, " before the expiration of two years after said sale, to wit, on the 1st day of June, 1871, and again on the 1st day of February, 1872, in order to redeem said real estate, in pursuance of the law in such case provided, tendered to said B. B. Cox a sum of money more than sufficient to repay him the purchase-money aforesaid, with ten per cent. *per annum* thereon, and all other lawful charges, and demanded to be put in possession of said real estate;" that said Cox refused to accept the money tendered, and afterwards delivered the possession of the land to Harry Pillans, who subsequently delivered it to the defendant, who refuses to deliver it to the plaintiff, and unlawfully detains the same; " and the plaintiff is ready and willing to pay the purchase-money aforesaid, with ten per cent. *per annum* thereon, and all lawful charges."

The defendant demurred to the complaint, — 1st, " because it does not show the payment by plaintiff of any money into court, nor any *profert* of the redemption money alleged to have been tendered;" and, 2d, " because it alleges two distinct and several causes of action, to wit, two different tenders made by plaintiff to B. B. Cox at different times." The justice overruled the demurrer, and the defendant then pleaded " the general issue in short by consent." The justice rendered judgment for the plaintiff, and the defendant removed the case, by appeal, into the circuit court, where he assigned the following causes of demurrer to the plaintiff's complaint: " 1. Said complaint is bad for duplicity, in that it sets forth two distinct and

[Jonsen *v.* Nabring.]

several causes of action, to wit, a tender and refusal of the redemption money on the 1st day of June, 1871, and again on the 1st day of February, 1872.    2. For uncertainty, in that it fails to show what sum or sums of money were tendered by the plaintiff to said Cox at the times therein set forth.   3. It does not show the payment into court, or *profert in curia,* of said sums of money alleged to have been tendered and refused." The court overruled the demurrer on the third ground, but sustained it as to the first and second grounds ; and the complaint was then amended, by striking out the second alleged tender, and inserting the words, " to wit, the sum of five hundred dollars," as the sum tendered.   To the amended complaint the defendant pleaded " not guilty, in short by consent ; " and issue was joined on that plea.   The defendant then moved the court, as the bill of exceptions states, " to require the plaintiff to pay into court the money alleged to have been tendered and refused ; " which motion being refused by the court, " he then moved the court to strike out of the complaint the allegations as to a tender, because it was not accompanied by a payment of the money into court ; " which motion, also, the court refused.

The defendant excepted to each of these rulings of the court, and he now assigns them as error, together with the overruling of his demurrer to the complaint.

HARRY PILLANS, for appellant.

JNO. A. CUTHBERT, *contra.*

PETERS, C. J. — The court below ought not to have entertained any demurrer in that court.   In such actions as this, it was long ago settled in this court, that no objections will be allowed in the appellate court to the complaint, in a proceeding for an unlawful detainer, which were not made before the justice, if the complaint is not so defective in substance, that no judgment can be rendered for any particular premises.   *Hilliard* v. *Carr & Ketchum,* 6 Ala. 557 ; *Snoddy* v. *Watt,* 9 Ala. 609. Then, only the demurrer interposed on the hearing before the justice of the peace can be considered in the circuit court, or reviewed in this court.   But that was not insisted on in the circuit court.   It was, therefore, abandoned, and the demurrer will not be reviewed in this court, as it was not made in the justice's court.   6 Ala. 557 ; 9 Ala. 609.

2. But the causes of demurrer relied on before the justice were not sufficient to overturn the complaint.   The pleadings in this action should be made up before the justice of the peace.   In that court, the statutory formalities of " a plea

of tender " could not be complied with. The Code declares, that " a plea of tender of money, or other thing in action, must be accompanied by a delivery of the money, or such thing in action, to the clerk of the court." Rev. Code, § 2648. It will be seen by reference to chapter 1, title 3, part 3, of the Revised Code, that this rule of pleading has no reference to a justice's jurisdiction. It refers to a court having a clerk to receive the money. Rev. Code, p. 618 ; Ib. § 2648.

3. In this action, all that is required is, a payment or tender of the money to the execution purchaser, or his vendee, which the Code prescribes as necessary to perfect the redemption. If the execution purchaser chooses to refuse the payment or tender thus made, he does so at his own risk. The payment or tender, either the one or the other, is all that the statute requires to be done, in order to revest the execution debtor " with the title." The language of the statute is this : " The debtor must also pay or tender to the purchaser, or his vendee, the purchase-money, with ten per cent. *per annum* thereon, and all other lawful charges ; and such payment or tender has the effect to reinvest him with the title ; and if a conveyance has been made to the purchaser, he must, at the costs of the debtor, convey to him such title as he acquired by the purchase." Rev. Code, § 2511. And " if the possession of the land has been delivered to the purchaser by the debtor, and upon *payment* or *tender* as aforesaid, it is not restored to him, he may recover possession by a suit of unlawful detainer, before a justice of the peace." Rev. Code, § 2512. Neither of these sections of the Code, nor both of them, requires the payment of the money tendered and refused to be paid into court. There was no error, then, in refusing the motion to bring the money tendered into court.

4. The pleadings in this action are just such as are required in an action of unlawful detainer, and nothing more. All that is demanded in such case is a complaint, which contains a definite description of the land sued for ; the plaintiff's right of possession of such lands; that the defendant has had proper notice to quit ; and that he unlawfully withholds the possession of such land from the plaintiff. These facts, alleged in such manner as presents them with sufficient perspicuity and precision to enable the defendant to take issue thereon in an intelligible form, is enough. Rev. Code, § 2629 ; *Spear & Thomas* v. *Lomax*, 42 Ala. 576. If the answer to such complaint is a plea of not guilty, then the plaintiff's evidence should show a sale by the sheriff, a purchase by the defendant, a delivery of possession by the execution debtor to the execution purchaser, and a *payment* or *tender* to the purchaser, or his vendee, of the purchase-money, with ten per cent. *per annum* thereon, and all lawful charges, and proper notice in writing to the tenant in possession

to quit. This is all that is necessary to authorize a recovery. Rev. Code, §§ 2511, 2512, 3300.

The rulings of the court below were in conformity with the law, as expounded above.

Its judgment is, therefore, affirmed.