# Alexander *et al. v.* Caldwell.

*Real Action in Nature of Ejectment.*

1. *Plea of tender; what insufficient.*—Where the purchaser of lands conveyed under the mortgage sale, brings ejectment against the mortgagor, the latter's plea that, before suit was brought, and within the time prescribed by statute, he tendered the amount required to redeem,—the plea not being accompanied by deposit with the clerk of the amount tendered—presents no defense to the action, and should be rejected, on motion.

2. *Case distinguished.*—The case of *Jonsen v. Nabring,* 50 Ala. 392, distinguished from this.

3. *Mortgage, defective execution of; what cures.*—Though a mortgage as originally executed is invalid, yet if the mortgagor subsequently executes a power of sale of the lands conveyed by the mortgage, accurately identifying it and the debt secured, and authorizing a sale for the purpose of paying such debt,—this cures the invalidity of the mortgage.

4. *Paper title; what dispenses with proof of.*—A mortgagor in possession, pleading in bar of ejectment, by one claiming under a purchaser at the mortgage sale, that after the sale he became tenant of the purchaser, and made him the proper statutory offer and tender for redemption, thereby admits of record that such purchaser then had title, and takes upon himself the onus of showing that he redeemed under the statute.

5. *Maintenance; what conveyance falls within the rule against.*—Where the mortgagor, after becoming tenant of the purchaser at the mortgage sale, renounces his tenancy, and thereafter claimed to hold in his own right, upon the purchaser's refusal of an offer and tender for redemption,—this is such an adverse holding as, under the rule against maintenance, will prevent a

granteee from the purchaser, during such adverse possession, from recovering the premises, in an action of ejectment in his own name.

6. *Error; when not ground for reversal.*—Where the case is such that in no event can the plaintiff recover, erroneous rulings against him, furnish no ground for reversal.

APPEAL from Wilcox Circuit Court.

Tried before Hon. JOHN K. HENRY.

This was a real action in the nature of ejectment, brought by the appellants, J. D. Alexander, A. C. Davidson, F. M. McNeil, and J. T. Hollis, against the appellee, J. Decatur Caldwell, on the fifth day of February, 1878, to recover a tract of land, which appellee once owned, but which had been sold and conveyed to appellees under a power in a mortgage executed by Caldwell.

Defendant pleaded not guilty, and a special plea number two, which averred in substance, that said lands were on the 14th day of December, 1868, sold by said plaintiffs, as the assignees of Patrick, Irwin & Co., under a power of sale of said lands made by this defendant on the 24th day of September, 1868, authorizing and empowering said Patrick, Irwin & Co. to sell and convey the lands for payment of the debt secured; that a sale was had on the 14th day of December, 1868, " when the said lands were purchased by one Albert A. Smith, as the highest bidder, for the sum of three thousand dollars; that this defendant remained in possession of said lands after said sale as tenant of said Smith, and paid him rent therefor from the date of said sale to the 13th day of December, 1870, on which last mentioned day, and within two years after said sale, under said mortgage and power of sale, the defendant redeemed said lands by tendering on the 13th day of December, 1870, the said purchase-money with ten per cent. per annum thereon, and all other lawful charges, to said Albert A. Smith, the purchaser, as aforesaid; and defendant avers that by said tender as aforesaid by him, he was reinvested with the title to said lands. And said defendant suggests that he has for three years next before the commencement of this suit had adverse possession of said lands, and has made valuable and permanent improvements thereon, to the value of one thousand dollars."

The plaintiffs moved the court "to strike out said second plea, the same being a plea of tender, because it is not accompanied by the payment of the money into court." This motion was overruled. The plaintiffs then demurred to the plea, because: 1st, the plea does not state the amount tendered; 2d, the plea does not state that defendant produced

[Alexander v. Caldwell.]

any money or excuse the failure to produce it at the time of the tender and proposal to redeem; 3d, the plea is not accompanied by a delivery, of the money alleged to have been tendered, to the clerk of this court. This demurrer was overruled. The plaintiffs then replied, that on the 31st day of December, 1868, after the sale by plaintiffs, as assignees of Patrick, Irwin & Co., of the lands mentioned in the complaint, and before the expiration of two years from said sale, defendant filed his petition in bankruptcy in the United States District Court at Mobile, and that his right to redeem said lands was divested out of him by said petition. The defendant demurred to this replication, and his demurrer having been overruled, rejoined, in substance, that within two years after said sale, defendant's assignee in bankruptcy sold, at public outcry, defendant's equity of redemption, at which sale defendant became the purchaser, and said assignee, by instrument in writing duly executed, conveyed to defendant the equity of redemption and right to redeem, whereby defendant became invested with the right to redeem and had such right at the time of the tender. Plaintiffs demurred on the grounds: 1st, that the rejoinder did not show that defendant was a discharged bankrupt at the time of said purchase; 2d, because redemption can not be made under part 2, title 7, chap. 4 of Code, by the purchaser at the sale of an assignee in bankruptcy. This demurrer was overruled, and plaintiffs took issue on the rejoinder.

The plaintiffs then offered in evidence a certified copy, from the records of the Probate Court, of a mortgage executed by defendant to Patrick, Irwin & Co., on the 5th day of November, 1860, conveying the lands in controversy, to secure a debt therein mentioned. The mortgage contained no power of sale, and its execution was not attested by any witness. It was acknowledged on the day of its date by Caldwell, before a justice of the peace, whose certificate was as follows:

"State of Alabama, Wilcox county. I, George O. Miller, an acting justice of the peace in and for said county, personally came J. Decatur Caldwell, who is known to me, acknowledged before me that after being informed of the contents of this conveyance, assigned the same for the purposes therein specified, the day the same bears date. This 6th day of November, 1860. Geo. O. Miller, J. P."

This mortgage and certificate were duly recorded in the probate judge's office on the 8th day of December, 1860.

The defendant objected to the admission of the mortgage

(35)

on the ground that it was not properly witnessed or acknowledged, and the court sustained the objection and excluded the mortgage, and plaintiffs excepted.

The plaintiffs then offered in evidence, a power of sale made by defendant to Patrick, Irwin & Co., on the 24th day of September, 1860. This instrument was under seal and witnessed, and after accurately describing the mortgage, the debt it was given to secure, and lands conveyed, &c., recites that there was no power of sale therein contained, and proceeds, "now, therefore, in consideration of the indulgence granted to me upon said mortgage by said Patrick, Irwin & Co., and in order to save trouble and expense of further legal proceedings, in order to close said mortgage and to effect a sale of said lands, under the same, I hereby consent that the said Patrick, Irwin & Co., or their assignees or legal representatives, may, and shall have full and complete legal authority to close said mortgage by the sale of said lands, conveyed in and by said mortgage, at public auction to the highest bidder for cash, in the town of Camden," &c.

The plaintiffs then offered in evidence the written transfer to them by Patrick, Irwin & Co., of Caldwell's mortgage to them, and also of the note which the mortgage was given to secure, "after the execution of said transfer was proved by one John D. Alexander." This transfer was made March 13th, 1868. The defendant "objected to said transfer of the mortgage being admitted in evidence, because it was the transfer of a void instrument." The court sustained the objection, and plaintiffs excepted.

The plaintiffs, after due proof of execution, offered in evidence a deed made by them, under a sale of the premises, in accordance with the power of sale, to Albert A. Smith; and a subsequent deed from said Smith to plaintiffs, of the premises in controversy. The first deed was executed April 7th, 1869, and the second deed on the 2d day of July, 1872.

There was evidence tending to prove the facts set up in defendant's second plea, and also that after the sale to Smith, Caldwell remained in possession, and within two years thereafter, tendered Smith thirty-seven hundred dollars in legal tender currency, being the amount of the purchase-money, with ten per cent. interest and all legal charges, but "Smith and plaintiffs refused to receive it or any part thereof," and defendant has since remained in possession, and has never paid the amount to either of them. There was also evidence of the sale by Bailey, assignee, to said Caldwell, as set forth in defendant's rejoinder to plaintiffs' replication to his second

[Alexander v. Caldwell.]

plea. Several exceptions were reserved to rulings upon these matters, which are not material in the view which this court took of the case.

The court charged the jury, among other things, that if Caldwell purchased the right of redemption at his assignee's sale, and received a conveyance thereof, and within two years after the mortgage sale tendered Smith and plaintiffs the amount of the purchase-money, ten per cent. per annum thereon, and all lawful charges, which they refused to accept, that this reinvested Caldwell with title to the lands, and plaintiffs could not recover in this action. Plaintiffs excepted to this charge, and separately requested the following written charges: "1st. That the acknowledgment of the mortgage by Caldwell before Miller, the justice of the peace, was a substantial compliance with the statute; 2d, the tender by Caldwell does not of itself invest him with such title as would defeat the plaintiffs in an action of ejectment, without first bringing the money so tendered into court; 3d, the defective acknowledgment of the mortgage before Miller, did not make the mortgage void."

The court refused these charges, and plaintiffs separately and duly excepted, and in consequence were compelled to take a non-suit, &c.

The rulings upon the pleadings, the exclusion of evidence, the charge given, and the refusals to charge as requested, are now assigned as error.

JONES & JONES, for appellant.—1. The appellants' title will support an action of ejectment.—Hawkins v. Hudson, 45 Ala. 482, and cases cited.

2. The appellants' title could only be defeated by defendant's superior title in writing. "In a court of law there can be no estoppel affecting the title to land which is not in writing, for at law the title can pass by writing only." Kelly v. Hendricks, 57 Ala.; Farley v. Smith, 39 Ala. 42.

3. The appellee sought under his second plea, to defeat the appellants' action of ejectment, by setting up, under section 2511 Rev. Code, that he had tendered to the purchaser at the mortgage sale the amount of the purchase-money, ten per cent. per annum thereon, and all other lawful charges, which plea was nothing but a plea of tender, (see Jonsen v. Nabring, 50 Ala. 392,) and the plea was not accompanied by a delivery of the money alleged to have been tendered to the clerk of the court, as required by section 2648 Rev. Code. In Jonsen v. Nabring, a similar plea was interposed by the

[Alexander v. Caldwell.]

defendant in an action of *unlawful detainer* before a justice of the peace, and this court held that "the statute which requires that a plea of tender must be accompanied by a delivery of the money to the clerk of the court, does not apply to actions commenced before a justice of the peace;" in effect saying that where such a plea was interposed in the Circuit Court, "a court having a clerk," the statute must be complied with.

4. Section 2511 Revised Code has never been construed so far as we are advised, by our Supreme Court. We respectfully submit, that while in order to perfect Caldwell's right of redemption, actual payment of the money was unnecessary, yet to reinvest him with the title, the money must have been actually paid to the appellants' vendor, or into court. We can see no distinction between the requirement that would be exacted of a judgment creditor who offered to redeem from a purchaser at sheriff's sale, and what the law would require of a mortgagor who offered to redeem from the purchaser the property sold under the mortgage. A judgment creditor, although he has a right to redeem, never acquires any title to the land, until he actually credits his judgment with an amount equal to the original bid for the land and ten per cent. per annum thereon, and all other lawful charges.—*Walker, Mead & Co. v. Ball*, 39 Ala. 298.

5. Caldwell's equity of redemption was cut off by the mortgage sale of the appellants.—*McGuire v. Van Pelt et al.*, 55 Ala. 344. He had no right to redeem, except that given him in section 2511 Rev. Code. Under the statute law, as soon as he tendered the money to Smith, he perfected his equitable right of redemption.—*Moore & Lynes v. Gore*, 35 Ala. 701. He could not be reinvested with the title to the lands without an actual payment.—See *Walker, Mead & Co. v. Ball*, 30 Ala. 298.

Caldwell's remedy, being in possession of the lands when the action of ejectment was brought, was to file a bill in chancery, and enjoin the action at law, and pay into court at the time of filing his bill the amount of money tendered by him, or averring his readiness to pay the money to perfect his title.—*Spoor v. Phillips*, 27 Ala. 193; *Cain v. Gimon*, 36 Ala. 168; *Daughdrill v. Sweeney*, 41 Ala. 410; *Nelson & Hatch v. Dunn*, 15 Ala. 501; *McGuire v. Van Pelt*, 55 Ala. 344; *Carlin v. Jones et al.*, 55 Ala. 424.

6. The demurrers of appellants to appellee's second plea should have been sustained.—Code, § 2997; 36 Ala. 698; 41 Ala. 310.

[Alexander v. Caldwell.]

7. The certificate of the justice of the peace to the mortgage of Caldwell to Patrick, Irwin & Co., was substantially in compliance with the statute. Besides, the apppellee, in his second plea, admits the execution of the mortgage.

8. The court erred in not allowing the transfer of the note and mortgage by Patrick, Irwin & Co. to appellants to be offered in evidence. The transfer was in writing and its execution proven, and it should have gone to the jury, even if the certificate of acknowledgment to the mortgage had been substantially defective.

9. The third charge should certainly have been given if the second was given; and besides, Caldwell had no title to the land until he had paid the amount tendered. The fourth charge should have been given. This court has decided that even if the acknowledgment was defective, which we do not admit, that it would be equivalent to the attestation of one witness, and it would be competent to supply the deficiency by further proof of its due execution.—*Merritt et al. v. Phenix*, 48 Ala. 87.

10. The only way in which appellee sought to defeat the action of ejectment, was by his second plea; and being a plea of tender, (50 Ala. 392,) if Caldwell had never paid the money, he could not defend in this action, and for that reason, the appellee's charge should have been refused.

R. GAILLARD, and S. J. CUMMING, *contra.*—1. There was no error in overruling plaintiffs' motion to strike defendant's plea from the file. It was not a plea of tender under section 2997 of the Code, but a plea in bar of the action—ejectment—under section 2879 of the Code.—2 Brick. Dig. p. 396, § 24.

2. There was no error in overruling plaintiffs' demurrer to defendant's second plea. It was a sufficient plea under the Code.—Code of Ala. §§ 2987 and 2879; 2 Brick. Dig. p. 396, § 24.

3. There was no error in sustaining defendant's objection to allowing the mortgage, or instrument purporting to be a mortgage, given by Caldwell on the 5th of November, 1860, to Patrick, Irwin & Co., to go to the jury as evidence. Section 1266 of the Code of 1852 required the execution of all conveyances to be attested by at least one witness, and when the grantor could not write, by two. There was no witness who attested the execution of the said so-called mortgage.

The requirements of neither section 1266 nor section 1267, nor of section 1279 of the Code of 1852 were complied with, and the instrument was of no validity.

[Alexander v. Caldwell.]

What purports to have been an acknowledgment under said section 1279 was no acknowledgment. It certified nothing. The language, "assigned the same for the purposes then therein specified," is substantially different from the words prescribed in the form, to-wit, "he executed the same voluntarily." That it was a void instrument, see *Thompson v. Marshall*, 36 Ala. 504; *Hendon v. White*, 52 Ala. 597. We submit that *Merritt v. Phenix*, 48 Ala. 87, is not a correct exposition of the statutes. The acknowledgment or proof to supply the want of witnesses, must be made "*according to law.*"—Code, §§ 2146, 2154; *O'Neal v. Robinson*, 45 Ala. 526; *Weil & Bro. v. Pope*, 53 Ala. 585; *Harrison v. Simons*, 55 Ala. 510. The certificate is neither in the form given in the Code, nor is it a substantial compliance therewith.

4. If the court committed no error in excluding the so-called mortgage on the ground that it was a void instrument, it follows, that the offer of the transfer of said instrument as evidence should be excluded.

5. The objection to Caldwell's testimony, because he had not paid the amount of money to the clerk, was based on the idea that the second plea was a plea of tender under section 2997 of the Code, and the overruling plaintiffs' objection was no error.

6. There was no error in the charge of the court. It was a correct statement of Caldwell's rights, and of the effect of his tender.—Bump's Law and Prac. of Bankruptcy, 325; 2 Brick. Dig. 396, § 24.

7. There was no error in refusing the charges asked by plaintiffs numbered 1, 3 and 4.—See Code of 1853, §§ 1266, 1267, 1279; Code of Ala. § 2879; 2 Brick. Dig. 396, § 24; *Hendon v. White*, 52 Ala. 597.

8. The action was in the nature of ejectment. The question of title could only be settled. If Caldwell's title had been defective, he could not have made it good, had he tendered a million of dollars into court. There was, therefore, no error in the charge asked by the defendant and given by the court.

STONE, J.—The plaintiffs in the present action assert title as follows: That on the 6th day of November, 1860, defendant executed his mortgage to Patrick, Irwin & Co., conveying to them the lands in controversy, to secure payment of a note given to them before that time for the sum of fourteen thousand and eighty and 80-100 dollars; that

[Alexander v. Caldwell.]

afterwards, in 1868, Patrick, Irwin & Co., assigned and transferred said note and mortgage to plaintiffs; that afterwards, in September, 1868, said J. Decatur Caldwell executed a power of sale, authorizing the said Patrick, Irwin & Co. or their assignees or legal representatives to advertise and sell said lands under said mortgage, there being no power of sale in the mortgage as first executed; that under said mortgage and said power of sale, the present plaintiffs, assignees from said Patrick, Irwin & Co., and transferees of said note and mortgage, advertised, sold and conveyed said lands to one Smith, on the 14th December, 1868, and that Smith subsequently, and before this suit was brought, conveyed to plaintiffs. After the sale, which took place in December, 1868, Caldwell held the premises as tenant of Smith, the purchaser, for near two years, paying rent therefor.

The defense is, that before two years expired, viz: on December 13th, 1870, "defendant redeemed the said lands, by tendering on said 13th day of December, 1870, the said purchase-money with ten per cent. per annum thereon, and all other lawful charges to the said Albert A. Smith, the purchaser as aforesaid; and said defendant avers that by said tender, made as aforesaid by him, he was reinvested with the title to said lands." The above is an extract from the plea of tender, and it contains no averment of a delivery of the money to the clerk of the court, or, that the money is brought into court with the plea. There was a motion to reject, and a demurrer to this plea, assigning this and various other grounds. The Circuit Court overruled the motion and the demurrer, and held the plea good, without the averment that the money was delivered to the clerk.

To authorize redemption by a debtor of lands sold as this was, the statute—Code of 1876, section 2879—requires that he shall "pay or tender to the purchaser or his vendee, the purchase-money, with ten per cent. per annum thereon, and all other lawful charges; and such payment or tender has the effect to reinvest him with the title." The next section of the Code declares that "If the possession of the land has been delivered to the purchaser by the debtor, and upon payment or tender as aforesaid, it is not restored to him, he may recover possession by a suit for unlawful detainer, before a justice of the peace." The section last copied was construed by this court in *Jonsen v. Nabring*, 50 Ala. 392. It was there ruled that in such action of unlawful detainer before a justice of the peace, it was not nec-

[Alexander v. Caldwell.]

essary to bring the money into court, or to aver it was so brought in ; that the justice had no clerk to whom the money could be delivered, and that on appeal, the only objections to the complaint that could be made, were those which could be, and were raised before the justice. The present suit originated in the Circuit Court, is statutory ejectment, and such action, as a rule, can be maintained or defended only on a legal title. The statute declares that either payment or tender has the effect to reinvest the debtor with the title ; but it can not be overlooked, that when the tendered money is, for any reason, not accepted, and no reconveyance is executed, the title in fact remains with the purchaser, while the debtor holds the money. Many circumstances may exist which will induce the purchaser honestly to decline the money tendered. He may, in good faith, deny the debtor's right to redeem. Can it be, that the legislature intended to punish such honest mistake with a loss of the land, without a return of the money paid, of which the debtor has had the benefit? "The plea must consist of a succinct statement of the facts relied on, in bar or abatement of the suit."—Code of 1876, § 2987. "A plea of tender of money, or of a thing in action, must be accompanied by a delivery of the money, or such thing in action, to the clerk of the court."—Code of 1876, § 2997. The reason of the rule declared in *Jonsen v. Nabring, supra*, does not apply in this case. The Circuit Court has a clerk, as a necessary functionary of its very existence. Nor is the action of unlawful detainer governed by the rules which obtain in ejectment. The one is designed as a speedy, simple and statutory mode of restoring possessions tortiously interrupted, or wrongfully withheld, after the termination of a permissive, or temporary right of enjoyment. In such action title, except as implied in the statute, is immaterial, and can not be put in issue. In ejectment, title—the legal title—is generally the main inquiry.—*You v. Flinn*, 34 Ala. 409. The evidence of title is not always the same. Sometimes it consists in a regular chain of conveyances from the Government down to the litigant. Sometimes it consists of an older, quiet occupancy, which raises the presumption of title that will prevail against a subsequent possession without other sufficient evidence of title.—*Lewis v. Goguette*, 3 S. & P. 184; 1 Brick. Dig. 627, §§ 40, 41; *Anderson v. Melear*, 56 Ala. 621. Sometimes the action is maintained by proof that the defendant went into possession, or retained the possession, as tenant of the plaintiff, thus acknowledging his title, and

[Alexander v. Caldwell.]

estopping himself from disputing the title under which he entered, or continued to enjoy.—*Henley v. Br. Bank*, 16 Ala. 552. There are other modes of establishing legal title.

We think we but carry out the intention of the legislature, when we hold that the plea of tender in this cause should have been accompanied by a delivery of the money to the clerk; and, it being shown to the court that such delivery had not been made, the Circuit Court should have sustained plaintiffs' motion to reject plea numbered two.

Whether the court rightly ruled in rejecting the copy of the mortgage offered in evidence by plaintiffs, for defects in the certificate of acknowledgment, we consider it unnecessary to decide. The certificate is very informal, and probably insufficient to raise the record to that dignity, which authorizes a certified copy of it to be used as evidence.—See *Sharpe v. Orme*, at the present term; Phil. Ev. ed. of 1850; Cowen & Hill's Notes, part 2, page 462. The power of sale was sufficiently executed, if proved, to justify its admission as evidence. And the power of sale sufficiently refers to, and identifies the mortgage, to validate it and make it binding, even if, in its original execution, it was invalid. The power of sale should have been received in evidence, for the mortgage, if it ever had been invalid, had ceased to be so.— 1 Greenl. Ev. §§ 23, 211; 1 Brick. Dig. 801-2, §§ 80, 85. Whether the original mortgage can be produced, or a copy, or its contents shown, are questions to arise on another trial. Production of paper title may not, however, be necessary, if, as averred in defendant's second plea, he held possession for the years 1869 and 1870, as tenant of Smith, the purchaser. This was a recognition that Smith had title at that time, and estops Caldwell from disputing it. This being shown, the onus is then cast on him of showing he has redeemed, according to the rules laid down above.

In the present case the plaintiffs took a non-suit with a bill of exceptions, in consequence of the adverse rulings of the Circuit Court. We have shown that the Circuit Court erred in its rulings. The usual consequence in such case is, to set aside the non-suit, and reverse and remand the cause. A point, however, not noticed in the briefs, renders such practice improper in the present case. Smith purchased at mortgage sale, December 14th, 1868, and received a conveyance of the title. Caldwell made the tender December 13th, 1870, and thenceforth renounced his tenancy, and claimed to occupy in his own right, if the averments of his second plea be true. He thus threw off allegiance to his landlord,

Smith, and became an adverse holder, claiming right. In 1872, near two years afterwards, Smith conveyed the lands to Alexander and others, by whom the present suit was brought. It is thus shown that when the present plaintiffs acquired their title, the lands were in the adverse possession of Caldwell. A suit, on a title thus acquired, can not be maintained, because of its violation of the rules against maintenance.—*Bernstein v. Humes,* 60 Ala. 582. Such deeds are not void, but are binding, by way of estoppel, between the parties.—Ib. 60 Ala 604. Inasmuch as the present suit in the names of the present plaintiffs can not be maintained, the erroneous rulings of the Circuit Court were error without injury,

Judgment of non-suit affirmed.