[S. F. No. 2845.   Department Two.—December 29, 1903.]

F. R. BENSON et al., Respondents, v. W. L. BUNTING, Appellant.

SALE UNDER FORECLOSURE—ACTION TO REDEEM—EXPIRATION OF STAT-
UTORY PERIOD—LAW OF CASE—PROOF OF SUFFICIENT COMPLAINT.—
In an action to redeem from a foreclosure sale, after the time for
statutory redemption had expired, before the offer to redeem had
been made, where the complaint was adjudged sufficient upon a
former appeal, the right of the plaintiffs to redeem, upon proof of
the material averments of the complaint, is the settled law of the
case.

ID.—OFFER TO REDEEM—DENIAL OF RIGHT—FINDINGS—OMISSION TO
FIND OFFER.—Where the complaint alleged an offer to redeem at
a certain time, and also alleged that the defendant procured a deed
at the commissioner's sale under foreclosure, and ever since has
claimed to be the owner of the premises, free from any right of re-
demption in the plantiffs, where the offer was put in issue, but the
latter averment was admitted and found to be true, it was unneces-
sary for the court to find in addition that plaintiffs had performed
the vain act of offering to do what the defendant denied them the
right to do.

ID.—CLAIM FOR TAXES—OFFSET OF RENTAL VALUE.—It was proper for the court in fixing the amount to be paid for redemption by the plaintiffs to allow an offset of the rental value of the premises while in defendant's possession.

ID.—IMPROVEMENTS MADE AFTER SUIT TO REDEEM.—The defendant was properly refused the value of improvements made after the suit was commenced to redeem the property, and after defendant knew that the plaintiffs denied his ownership or right to the premises, and knew that he got into possession against the consent of, and in hostility to, the claims of the plaintiffs for redemption.

ID.—INVALID STREET ASSESSMENT.—The defendant was properly disallowed the amount of an invalid street assessment against the land, which the court found to be void, as being an assessment against too much land.

ID.—INTEREST ALLOWED FOR REDEMPTION.—Where the court allowed the statutory rate of two per cent per month during the six-months statutory period for redemption, and thereafter the legal rate of seven per cent per annum, the defendant cannot claim that two per cent per month should be allowed until the time of actual redemption, and has no just reason to complain as to the amount of interest allowed after his repudiation of the right of plaintiffs to redeem.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. M. Seawell, Judge.

The main facts are stated in the opinion of the court, rendered upon the former appeal, in 127 Cal. 532. Further facts are stated in the opinion of the court upon the present appeal.

Edward C. Harrison, for Appellant.

Ben B. Haskell, and William B. Sharp, for Respondents.

McFARLAND, J.—This is an action to redeem certain real property from a sale made to defendant on the foreclosure of a mortgage. Judgment went for plaintiffs, and defendant appeals from the judgment and from an order denying his motion for a new trial.

The case was here once before, and is reported in *Benson* v. *Bunting,* 127 Cal. 532;[1] and as the nature of the action is quite fully stated in the opinion rendered on the former appeal, there is no necessity for a general statement of it here.

[1] 78 Am. St. Rep. 81.

That appeal was from a judgment in favor of defendant following the sustaining of a demurrer to the complaint, and the judgment was reversed—the court holding that the complaint was sufficient. It was there decided that, on account of certain alleged acts and conduct of the parties, the plaintiffs were entitled to redeem, notwithstanding the fact that the statutory period of redemption had expired before the offer to redeem had been made; and, therefore, their right to redeem upon proof of the material averments of the complaint is the settled law of the case, and need not be here discussed.

After the *remittitur* went down the case was tried by the court without a jury, and certain findings were made. Some of the material findings are attacked as not supported by the evidence; but as to those points it is enough to say that in our opinion there was sufficient evidence to warrant each of the findings attacked.

It is contended, also, that the findings do not support the judgment; but this contention is not maintainable. There is only one point on this branch of the case which we deem necessary to specially notice. It is averred in the complaint that the plaintiffs offered to redeem within a certain time, and the averment is denied in the answer; and it is contended that the findings are deficient because there is no specific finding that they did so offer to redeem. We think, however, that while the finding might have been more specific, the subject is sufficiently covered by another finding. It is averred in the complaint that on February 1, 1898, appellant procured a deed from the commissioner appointed to sell the property, and that appellant "now claims under said deed, and ever since the making thereof has claimed, to be the owner in fee of said premises *free from any right of redemption* in the plaintiffs, Margaret Reese, Mary E. Dever, and Lizzie V. Reese, or either of them." This averment was not denied, and the court expressly finds it to be true. It having been thus averred, admitted, and found, it was unnecessary for the court to find, in addition, that respondents had performed the vain act of offering to do what appellant denied them the right to do.

In determining the amount which respondents should pay in order to effect the redemption, the court made certain find-

ings and rulings to which appellant excepts. The court allowed respondents to set up against taxes, etc., paid by appellant, the rental value of the premises while in possession of defendant, at twenty dollars per month, and this allowance is attacked; but we think the evidence fully warranted the court in fixing that amount.

Appellant contends that he should have been allowed for some improvements which he put on the premises; but the alleged improvements were not made until after this present action had been commenced and appellant had been informed that respondents denied his ownership of or right to the premises, and under these circumstances, if he chose to make improvements, he did it at his own peril. The principle announced in *Malone* v. *Roy*, 107 Cal. 518, and *Mahoney* v. *Bostwick*, 96 Cal. 53,[1] clearly applies here. Appellant knew that he got into possession against the consent, and in hostility to, the claims of respondents, and he was not entitled to recover from the latter the value of the improvements placed upon the land under an assertion of title hostile to them; and the finding of the court which shows that the date of the alleged improvements was subsequent to the commencement of the action was a sufficient finding on the subject.

Appellant contends that he should have been allowed the amount of an alleged street assessment against the land, which alleged assessment the court found to be void. We do not see that the court erred in so holding; the assessment was against too much land, and therefore void (*Ryan* v. *Altschul*, 103 Cal. 177), and it is unnecessary to consider respondents' contention as to the insufficiency of the engineer's certificate.

Appellant contends that the court erred in fixing the amount of interest which respondents must pay in order to redeem, and that more interest should have been required. The court allowed two per cent per month interest during the six-months statutory period of redemption, and thereafter the legal rate of interest of seven per cent per annum. The contention of appellant is, that two per cent per month should have been allowed until the time of actual redemption under the judgment; but this contention is not maintainable. Appellant having denied the right of redemption and prevented

[1] 31 Am. St. Rep. 175.

the exercise of it, cannot recover the extraordinary interest which respondents would have avoided if they could have exercised their right of redemption. Indeed, respondents argue with great force that they should not have been required to pay the seven per cent per annum interest, or any interest at all, during the long period after the repudiation of their right to redeem; but respondents are not appealing, and we cannot consider any alleged error against them. However, the appellant, if the case was rightly decided against him in other respects, has no just reason to complain as to the amount of interest allowed him.

There are no other points calling for special notice. We think that the judgment is right, and that, under all the circumstances of the case, as was said by the court on the former appeal, "no injustice would be done defendant in permitting the plaintiff now to redeem."

The judgment and order appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.