[S. F. No. 2825.  In Bank.—June 22, 1904.]

## WILLIAM J. LEET, Respondent, v. GEORGE W. ARMBRUSTER, Appellant.

MORTGAGE—FORECLOSURE SALE—CONDITIONAL TITLE OF PURCHASER—TENDER OF REDEMPTION MONEY—REFUSAL—DIVESTITURE OF ESTATE—EJECTMENT.—Though the purchaser at a sale under the foreclosure of a mortgage acquires all the right, title, and interest of the mortgagor, yet he acquires it only conditionally during the period for redemption; and a lawful tender of the redemption money refused by the purchaser *ipso facto* defeats his estate, and leaves the title in the successor of the mortgagor, who may, without keeping the tender good, maintain an action of ejectment against the purchaser.

ID.—PURCHASE SUBJECT TO LAWS IN FORCE—CONSTITUTIONAL LAW.—The purchaser at a public sale, though protected against any future impairment of his rights by subsequent legislation, is wholly governed by the laws in force at the time of the sale, including the law of redemption therefrom and of its incidents and rights then existing; and the operation of the law then existing can in no sense be violative of the constitutional rights of the purchaser or deprive him of his rights without due process of law.

ID.—EFFECT OF REFUSAL OF TENDER.—If the purchaser refuses a lawful tender of the redemption money, he does so at his own risk, and his refusal cannot prevent the legal effect of the tender to defeat the sale and to extinguish the purchaser's interest in the mortgage lien; and the purchaser is remitted to his action at law for the recovery of the money which still remains due.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.  J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Walter Perry Johnson, for Appellant.

The plaintiff succeeded by the purchase to all the right, title, and interest of the mortgagor. (Code Civ. Proc., sec. 700; *Robinson* v. *Thornton,* 102 Cal. 675; *Duff* v. *Randall,* 116 Cal. 226;[1] *Breedlove* v. *Norwich etc. Ins. Soc.,* 124 Cal. 164; *Reynolds* v. *London etc. Ins. Co.,* 128 Cal. 16.[2]) The divestiture of title by an unaccepted tender is unconstitutional, as depriving of title without due process of law. (Const., art. I, sec. 13; Cooley on Constitutional Limitations, 6th ed., 431-432; *State* v. *Staten,* 6 Cold. 233; *Clark* v. *Mitchell,* 64 Mo. 564; *Sherman* v. *Buick,* 32 Cal. 241, 250; *Ex parte Hollis,* 59 Cal. 406, 413.) The plaintiff cannot maintain ejectment, but should have sued in equity to redeem. (Freeman on Executions, sec. 321; *Hawkins* v. *Jamison,* 1 Mart. & Y. 83; *Paris* v. *Burger,* 4 Humph. 325, 326; *Mitchell* v. *Brown,* 6 Cold. 505; *Simpson* v. *Sparkman,* 12 Lea (Tenn.) 300; *Dunn* v. *Hunt,* 63 Minn. 484, 486; *Dickinson* v. *Kinney,* 5 Minn. 409; *Scober* v. *Jones,* 1 Dana, 13.) The tender was not kept good. (*Redington* v. *Chase,* 34 Cal. 666, 670; *Knowles* v. *Murphy,* 107 Cal. 107, 115; *Wolff* v. *Canadian Pacific Ry.,* 89 Cal. 332; *Bryan* v. *Maume,* 128 Cal. 238; *Horan* v. *Harrington,* 130 Cal. 142; *Park* v. *Wiley,* 67 Ala. 310, 312; *Dunn* v. *Hunt,* 63 Minn. 484; *Wilkins* v. *Wilson,* 51 Cal. 212.

John H. Durst, for Respondent.

The tender of the money, which the purchaser refused, was equivalent to payment for the purpose of divesting the bill and extinguishing the lien of the mortgage. (Code Civ. Proc., sec. 404; Civ. Code, sec. 1504; 2 Freeman on Executions, sec. 271a, p. 1529; 3 Freeman on Executions, 3d ed., sec. 32, p. 1887; *Hershey* v. *Dennis,* 53 Cal. 77; *Phillips* v. *Hagart,* 113 Cal. 552;[3] *Jonsen* v. *Nabring,* 50 Ala. 392, 395; *Legro* v. *Lord,* 10 Me. 161; *Burns* v. *Ledbetter,* 54 Tex. 374; *Broughton* v. *Journeay,* 51 Pa. St. 31, 35-36; *Ruddy* v. *Woodbridge,* 47 N. J. L. 142; *Loughborough* v. *McNevin,* 74 Cal. 250;[4]

[1] 58 Am. St. Rep. 158.          [3] 54 Am. St. Rep. 369.
[2] 79 Am. St. Rep. 17.          [4] 5 Am. St. Rep. 435.

*Miller* v. *Cox,* 96 Cal. 339, 348; *Latta* v. *Tutton,* 122 Cal. 279;[1] *Haile* v. *Smith,* 113 Cal. 656, 662-663; *McCalla* v. *Clark,* 55 Ga. 53; *Poindexter* v. *Greenhow,* 114 U. S. 270; *Corning Town Co.* v. *Davis,* 44 Iowa, 622; *Mitchell* v. *Roberts,* 17 Fed. 776, 779; *Bartel* v. *Lope,* 6 Or. 321; *Johnson* v. *Simmons,* 61 Mo. App. 395; *Helprey* v. *Strobach,* 13 Wash. 128; *Ramsdell* v. *Tewksbury,* 73 Me. 199; *Rice* v. *Kahn,* 70 Wis. 323; *Moynahan* v. *Moore,* 9 Mich. 9;[2] *Van Husan* v. *Kanouse,* 13 Mich. 303; *Kortright* v. *Cady,* 21 N. Y. 343;[3] *Edwards* v. *Farmers' Life Ins. Co.,* 21 Wend. 467; *Moore* v. *Norman,* 43 Minn. 428;[4] *Potts* v. *Plaisted,* 30 Mich. 148, 150; *Tiffany* v. *St. John,* 65 N. Y. 314;[5] *Loomis* v. *Pingree,* 43 Me. 299, 313; *Matthews* v. *Buckingham,* 22 Kan. 166.) The tender need not be kept good as respects its instantaneous effect. (*Hershey* v. *Dennis,* 53 Cal. 77; *Jonsen* v. *Nabring,* 50 Ala. 392; *Matthews* v. *Buckingham,* 22 Kan. 166; *Ruddy* v. *Woodbridge,* 47 N. J. L. 142; *Broughton* v. *Journeay,* 51 Pa. St. 31; *Loomis* v. *Pingree,* 43 Me. 295, 312; *Mitchell* v. *Roberts,* 17 Fed. 776, 780; *Loughborough* v. *McNevin,* 74 Cal. 250, 256;[6] *Latta* v. *Tutton,* 122 Cal. 277, 283;[1] *Miller* v. *Cox,* 96 Cal. 345, 348; *Adair* v. *Cummin,* 48 Mich. 383, 387; *Van Husan* v. *Kanouse,* 13 Mich. 302-306; *Kortright* v. *Cady,* 21 N. Y. 343;[3] *Cass* v. *Higenbotam,* 100 N. Y. 253; *Moynahan* v. *Moore,* 9 Mich. 9;[2] *Caruthers* v. *Humphries,* 12 Mich. 270; *Waldron* v. *Murphy,* 40 Mich. 668; *Bartel* v. *Lope,* 6 Or. 321; *Moore* v. *Norman,* 43 Minn. 428;[7] *Johnson* v. *Simmons,* 61 Mo. App. 356; *Helprey* v. *Strobach,* 13 Wash. 128; *Christian* v. *Niagara Fire Ins. Co.,* 101 Ala. 634; *Wescott* v. *Patton,* 10 Colo. App. 544; *Forcheimer* v. *Holly,* 14 Fla. 239; *Morrison* v. *Jacoby,* 114 Ind. 84; *Hayden* v. *Andrews,* 17 Iowa, 158; *Gilpatrick* v. *Ricker,* 82 Me. 185.) Plaintiff is entitled to recover in ejectment. (*Hershey* v. *Dennis,* 53 Cal. 77; *Phillips* v. *Hagart,* 113 Cal. 552;[8] *Matthews* v. *Buckingham,* 22 Kan. 166; *Jonsen* v. *Nabring,* 50 Ala. 392; *Loomis* v. *Pingree,* 43 Me. 299, 312.)

---

[1] 68 Am. St. Rep. 30.
[2] 77 Am. Dec. 468.
[3] 78 Am. Dec. 145.
[4] 19 Am. St. Rep. 247.

[6] 22 Am. Rep. 612.
[6] 5 Am. St. Rep. 435.
[7] 19 Am. St. Rep. 247.
[8] 54 Am. St. Rep. 369.

Garoutte & Goodwin, for Respondent.

The case is covered by *Phillips* v. *Hagart,* 113 Cal. 552,[1] and *Hershey* v. *Dennis,* 53 Cal. 80.

HENSHAW, J.—This action is in ejectment to recover possession of a piece of realty in the city and county of San Francisco. David Ross was the owner of the property in question, and held title subject to a mortgage. The mortgage was foreclosed, and at the sale which followed the property was bought by defendant herein, and the certificate of sale issued to him. The mortgagor had previously been adjudicated a bankrupt, and his interest in the property had passed through his trustee in bankruptcy to one George Golder. Golder conveyed to R. McColgan, who, within the time prescribed by law, made a tender in redemption to the defendant, Armbruster. Question arises as to the exact amount tendered, but the court, upon conflicting evidence, finds that the tender was made in the full amount required by law. The tender was refused. Thereafter McColgan conveyed all his right, title, and interest to the plaintiff, who commenced this action in ejectment. He recovered judgment, and defendant appeals from that judgment and from an order denying his motion for a new trial.

Appellant's contentions are, first, that the purchaser of realty at foreclosure sale acquires all the right, title, and interest of the mortgagor. This proposition may not be gainsaid. It is in accord with the express declaration of section 700 of the Code of Civil Procedure, and with the cases of *Robinson* v. *Thornton,* 102 Cal. 675; *Duff* v. *Randall,* 116 Cal. 226;[2] *Breedlove* v. *Norwich Ins. Co.,* 124 Cal. 164; *Reynolds* v. *Fire Ins. Co.,* 128 Cal. 16;[3] *Pollard* v. *Harlow,* 138 Cal. 390.

Second, that the provisions of the code hereinafter quoted cannot be construed to work a divestiture of title so acquired, and if so construed contravene the constitutional inhibition against the deprivation of property without due process of law. The provisions of the code to which reference has just been made are: "If the debtor redeem, the effect of the sale is terminated, and he is restored to his estate." (Code Civ.

[1] 54 Am. Rep. 369.              [3] 79 Am. St. Rep. 17.
[2] 58 Am. St. Rep. 158.

Proc., sec. 703.) "Tender of the money is equivalent to payment." (Code Civ. Proc., sec. 704.)

As corollaries to the second proposition, appellant contends that this action in ejectment will not lie; that plaintiff's sole remedy is by an action to redeem, and, as the tender was not kept good (which is undisputed), no recovery should have been allowed. And finally, if plaintiff was entitled to any relief, the utmost which he could claim was a restitution of title and possession subject to a lien in favor of defendant for the amount found due in redemption.

We cannot agree with the appellant's contention that a law declaring that a valid tender works a restoration to the judgment debtor of his estate is in any sense violative of the constitutional provision against depriving a person of property without due process of law. The rule is, that a purchaser at public sale is protected from any impairment of his title by subsequent legislation, but that his title, whatever it may be, is wholly governed by the laws in force at the time of his purchase. "The purchaser of either lands or chattels at a public sale acquires an estate or right resting in contract and protected by the contract clause from impairment by subsequent legislative action. This contract springs into being at the time of sale, not sooner, and generally the law then in force controls the rights of the purchaser." (15 Am. & Eng. Ency. of Law, 1038.) So also redemption, its incidents and rights, are governed by the laws in force at the time of the sale. (17 Am. & Eng. Ency. of Law, 1034.) If, then, the law declares that an offer to redeem shall be, so far as the restoration of the estate is concerned, the equivalent of redemption, the purchaser buys with knowledge of this, and takes his title subject to the condition that he may be divested of it by either redemption or a valid offer to redeem. His title is conditional, therefore, and subject to be defeated under the very terms of its creation, either by redemption or by proper tender, if, as to the latter, such be found to be the meaning of the law.

And that such in truth is the meaning of the law,—namely, that a proper tender, even if refused, works a divestiture of the purchaser's estate,—there can be no doubt. Our code declares (Civ. Code, sec. 1504) that an offer of payment, or other performance duly made, though the title to the thing

offered be not transferred to the creditor, stops the running of interest on the obligation, and has the same effect upon all its incidents as performance. This means, as it is well expounded by Mr. Freeman (2 Freeman on Executions, sec. 271a) : "Tender of the amount due upon the writ, though not accepted, discharges the levy. It is a general rule of law that where a person holds a lien upon property, a tender by the owner of the property of the amount of the lien will discharge it. The principle governing the subject is that tender is equivalent to payment as to all things which are incidental and accessorial to the debt. The creditor, by refusing to accept, does not forfeit his right to the thing tendered, but he does lose all collateral benefits and securities. The instantaneous effect is to discharge any collateral lien as a pledge of goods, or a right of distress. After the action is over, and judgment obtained and execution levied, the case becomes clearly assimilated to that of an ordinary lien, and, if tender is made and not accepted, the lien will be extinguished." In *Hershey* v. *Dennis,* 53 Cal. 77, after mortgage foreclosure, judgment for the deficiency was docketed against the mortgagor. He conveyed his right and title in the land to Hershey. Hershey tendered to Dennis, the purchaser at foreclosure sale, the statutory amount to redeem. The tender was refused. Hershey then brought action to quiet his title. The court found that Hershey had not kept his tender good and rendered judgment in favor of the purchaser. On appeal the judgment was reversed, this court saying: "It follows that the mortgagor or his grantee could redeem from Dennis on payment of the amount of his bid and costs, etc. The plaintiff having tendered a sufficient sum to redeem, the sheriff had no power to execute a conveyance to the defendant Dennis." In *Phillips* v. *Hagart,* 113 Cal. 552,[1] after sale under foreclosure proceedings, the plaintiff made tender in redemption, which the sheriff refused, and subsequently made his deed to defendant, the purchaser. This court said: "The moment a redemption occurred all interest to the realty possessed by the purchaser at the sale ceased, and the title of the judgment debtor stood as if no sale had ever taken place. Such being the fact, the power of the sheriff to pass title by deed no longer existed, and any

---

[1] 54 Am. St. Rep. 369.

deed made by him was a nullity." In *Haile* v. *Smith,* 113 Cal. 656, it is said: "While the unaccepted tender did not release the defendant from his obligation to pay the money, it had the effect to release the land from any further claim thereto by the plaintiff, and to remit the plaintiff to his personal claim for the money." The decision quotes with approval *Tiffany* v. *St. John,* 65 N. Y. 318,[1] to the following effect: "The principle governing the subject is that tender is equivalent to payment as to all things which are incidental and accessorial to the debt. The creditor by refusing to accept, does not forfeit his right to the thing tendered, but he does lose all collateral benefits or securities." By the supreme court of Maine it is laid down: "A legal tender within the time prescribed by law of the amount for which an equity of redemption is held under an execution sale, is sufficient to revest the property without a deed of conveyance from the purchaser." (*Legro* v. *Lord,* 10 Me. 161.) In *Jonsen* v. *Nabring,* 50 Ala. 392, the same principle is declared in the following language: "In this action all that is required is, a payment or tender of the money to the execution purchaser, or his vendee, which the code prescribes as necessary to perfect redemption. If the execution purchaser chooses to refuse the payment or tender thus made, he does so at his own risk. The payment or tender, either one or the other, is all that the statute requires to be done in order to revest the execution debtor with the title." The same rule is applied to tender made in redemption under tax-sales. Thus, in Texas it is said: "The tender thus made, *ipso facto,* worked an immediate redemption of the lands from the tax-sale, and left the defendant Ledbetter with no title to the same by reason of that purchase." (*Burns* v. *Ledbetter,* 54 Tex. 374.) In *Broughton* v. *Journeay,* 51 Pa. St. 31, it is said: "He tendered to Mr. Davis $41, in legal tender notes, the amount of the taxes, costs, and interest. This was the same summer as the notice that Mr. Smith proves, and was a valid redemption of the tract, if the tender to Davis, the purchaser, instead of the treasurer was sufficient." And in New Jersey the declaration of the court is to like effect: "In this case the owners made a tender of the money to the purchaser within two years, but he refused to receive it. If

[1] 22 Am. Rep. 617.

the tender was a compliance with the provision for redemption in the act, the certificate should be held to be canceled, and the lease which was subsequently given to be void." (*Ruddy* v. *Woodbridge*, 47 N. J. L. 142.) And by the supreme court of the United States it is said: "It is well established by many decisions of this court, that, for the purpose of effecting proceedings to enforce the payment of taxes, a lawful tender of payment, is equivalent to actual payment, either being sufficient to deprive the collecting officer of all authority for further action and making every subsequent step illegal and void." (*Poindexter* v. *Greenhow*, 114 U. S. 270.) The general principle, therefore, is that which is enunciated in section 1504 of our Civil Code. Tender and refusal are equivalent to performance in discharging all collateral and accessorial liens and rights, and, in the case of redemption of land in this state, *ipso facto*, work a restoration to the judgment debtor, or his successor in interest, of his title. As to the argument of hardship upon the purchaser, in that the result must be that he is deprived of his title or of his lien without the payment of the money, this is well answered by the supreme court of Minnesota in *Moore* v. *Norman*, 43 Minn. 428,[1] where it is said: "If the mortgagor does not tender the full amount due, the lien of the mortgage is not extinguished, and he runs no risk in accepting it. If, upon the other hand, it is sufficient in amount, his debt is paid, and that is all he has any right to demand. It is his own folly if he attempts to exact more than the exact amount. The proof should be clear that it was fairly made, deliberately and intentionally refused by the mortgagee, that sufficient opportunity was afforded to ascertain the amount due, and that a sum sufficient to cover the whole amount due was absolutely and unconditionally tendered." And to like effect in *Mitchell* v. *Roberts*, 17 Fed. 776, where the circuit court says: "This rule accords with justice and fair dealing. It would be an exceedingly great hardship on the debtor, if the creditor had the right to refuse to accept payment of the debt after it was due, and at the same time retain the debtor's property, or a lien upon it for the debt. Advantageous sales would be prevented, collections delayed and credit lost, by the inability of

---

[1] 19 Am. St. Rep. 247.

the debtor to free his property. In many cases debtors would be ruined before they could obtain relief by the slow process of a bill in equity to redeem, and on a bill to redeem, a debtor would have to pay interest and costs down to the decree unless he had kept the tender good. Thus, the debtor, in order to protect himself against interest and costs, would be deprived of both his property and the use of his money, at the pleasure of his creditor, or until the end of a chancery suit could be reached. On the other hand, a creditor who refuses to receive payment of his debt, when lawfully tendered, cannot com· plain at the loss of his security for that debt, 'because it shall be accounted his own folly that he refused the money when a lawful tender of it was made unto him.' ".

As to appellant's objection that the tender was not kept good, the answer is, that it was not necessary to keep it good for the purposes of plaintiff's action. It was the tender itself and its refusal which instantaneously worked the discharge of the purchaser's lien and the divestiture of his title. The effect of the tender did not, of course, operate as a payment of the debt for all purposes. The debt still remained due, but the sole right left in the purchaser was an action at law for the recovery of the money. For the purpose of paying the debt, or stopping the running of interest, or maintaining a suit to redeem, it is of course necessary to keep the tender good, but the lien is extinguished and the title divested without this. This is the general rule recognized in *Hershey* v. *Dennis,* 53 Cal. 77, and in the decisions of our sister states. Thus in *Loomis* v. *Pingree,* 43 Me. 299, the supreme court says: "It is said the money tendered should have been brought into court. This is not an action to recover the money. An offer of payment within the time allowed by law, for the purpose of saving the forfeiture must be regarded, for this purpose, as equivalent to an actual payment made at the time of the offer." In *Kortright* v. *Cady,* 21 N. Y. 343,[1] it is said: "A tender of the principal and interest of a mortgage debt, at any time before foreclosure, though after the day appointed for the payment thereof, discharges the lien of the mortgage; but the debt remains. In such case, it is not necessary that the tender should be kept good; nor in a foreclosure suit is it requisite to bring the money into court, since

[1] 78 Am. Dec. 145.

the land is discharged." And, again, in *Adair* v. *Cummin,* 48 Mich. 383, it is said: "When the tender was refused, the lien was discharged, and the mortgage gave no right thereafter to disturb her possession. Her right to the property was rendered plenary, and was not dependent at all on the tender being kept good." And the circuit court, in *Mitchell* v. *Roberts,* 17 Fed. 776, says: "The rule is settled that a tender of the debt for which the property is pledged as security extinguishes the lien, and the pledgor may recover the pledge or its value, in any proper form of action without keeping the tender good or bringing the money into court; because, like a tender of the mortgage debt on the law day, the tender having once operated to discharge the lien, it is gone forever."

Plaintiff, therefore, was entitled to maintain this action in ejectment, since the tender operated instantaneously to redeem the property and revest the title in the redemptioner. (*Phillips* v. *Hagart,* 113 Cal. 552.[1]) In the case of personal property, where the lien is lost by tender, the pledgor may maintain the appropriate personal actions of trover or replevin, and in the case of realty his action may either be to quiet title, as in *Hershey* v. *Dennis,* 53 Cal. 77, or ejectment, as in *Phillips* v. *Hagart,* 113 Cal. 552.[1]

A minor question has arisen as to the proper amount of the money judgment rendered in this case. To cure the possibility of error in this regard, respondent has offered to waive all of such judgment in excess of the sum of $315.25.

The judgment and order appealed from are affirmed, the amount of the money judgment being modified from $447 to $315.25.

Lorigan, J., McFarland, J., Van Dyke, J., Angellotti, J., and Shaw, J., concurred.

---

[1] 54 Am. St. Rep. 369.