[S. F. No. 4304.   In Bank.—December 2, 1907.]

## WILLIAM L. BUNTING, Respondent, v. BURNETTE G. HASKELL, et al., Appellants.

REDEMPTION FROM EXECUTION SALE—EXPIRATION OF STATUTORY PERIOD —RELIEF IN EQUITY.—As a general rule, the redemption of property allowed by statute from an execution sale cannot be effected after the expiration of the statutory period allowed therefor, but courts of equity may, upon a proper showing of fraud, mistake, or other circumstances appealing to the discretion of the chancellor, relieve judgment debtors whose property has been sold on execution from a failure to redeem within the statutory period.

ID.—DECREE DETERMINES TERMS OF REDEMPTION.—Such a redemption, when authorized by the decree of a court of equity, finds its support not in the provisions of the statute allowing redemption within a given time as a matter of right, but in the provisions of the decree granting to a party the privilege of redeeming upon terms fixed by the court as just.

ID.—REDEMPTION CONDITIONAL ON PAYMENT WITHIN TIME LIMITED—
TENDER.—In an action to redeem real property, after the statutory
period of redemption had expired, a decree adjudging that plaintiffs
were entitled to redeem the property within thirty days from the
date of its entry, upon paying the defendant a specified sum of
money, with interest thereon at the rate of seven per cent per annum
until payment, subject to certain reductions, and further ordering
that if the plaintiffs should fail to redeem the property within thirty
days, the action might, on motion of the defendant, be dismissed,
and requiring the defendant to make and deliver a deed to the
plaintiffs, should not be construed as giving to the plaintiffs a right
to a statutory redemption to be exercised within a new period of
thirty days, so as to make a tender of the amount ordered to be
paid, made pending the time the defendant had the right to appeal
from the judgment, operate *ipso facto* as a restoration of the title
to the plaintiffs.

ID.—RIGHT OF APPEAL CANNOT BE CUT OFF—AFFIRMANCE OF JUDGMENT
—REFUSAL OF PAYMENT CAUSES LOSS OF RIGHT OF REDEMPTION.—
The defendant in such action had the right to appeal from the
judgment authorizing the redemption, and the plaintiffs could not,
by a tender, compel him to waive such right, under penalty of losing
the property, if he should decline to make such waiver, and the
decree should be affirmed. The plaintiffs, under the decree, had a
right to make the tender within thirty days after its entry, and
after so doing they could not be put in default until the defendant
should tender them a deed and demand payment of the amount due.
After the affirmance of the judgment, the plaintiffs' right to redeem
still existed, but it was a right to redeem upon the condition fixed
by the decree, which was that the money should be paid to the
defendant. Upon their refusal to comply with such condition, their
right to redeem was lost.

ID.—OPTION TO REDEEM—OBLIGATION—OFFER OF PAYMENT.—Such decree
gave the plaintiffs a mere option to redeem, which imposed on them
no "obligation," and neither the title to the land nor its possession
was an "incident" to any obligation, within the meaning of section
1504 of the Civil Code, providing that "an offer of payment . . .
stops the running of interest on the obligation, and has the same
effect upon all its incidents as a performance thereof."

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Wm. B. Sharp, for Appellants.

Edward C. Harrison, for Respondent.

SLOSS, J.—This is an action to quiet title to real property. The plaintiff recovered judgment and the defendants appeal on the judgment-roll.

On June 1, 1897, Margaret Reese was the owner of the land described in the complaint, subject to a mortgage made by her on February 20, 1892, to one Iburg. Iburg brought action for the foreclosure of this mortgage, recovering judgment under which the property was sold to Bunting, plaintiff herein, on June 1, 1897. After the expiration of twelve months from said sale a deed of the property was executed and delivered to Bunting by the commissioner who had made the sale. Thereafter, on June 28, 1898, Margaret Reese and some of the defendants herein commenced an action against Bunting, the plaintiff herein, in which action the superior court, on January 28, 1901, rendered a judgment that the plaintiffs therein and each of them were entitled to redeem the property from said sale within thirty days from the entry of said judgment, upon payment to the defendant therein (the plaintiff herein) of the sum of $819.89. This judgment was entered January 30, 1901, and within thirty days thereafter the plaintiffs in that action tendered to Bunting the amount of money necessary under the terms of the judgment to effect the redemption thereby allowed and provided for, but the said defendant refused to accept the said money. Thereafter the said defendant (plaintiff herein), appealed from the judgment and deposited with the clerk of the superior court a conveyance of the property to the plaintiffs in said action to abide the judgment of the supreme court on said appeal. He also surrendered and delivered the possession of the property to said plaintiffs. The judgment appealed from was affirmed by this court on December 29, 1903 (*Benson* v. *Bunting*, 141 Cal. 462, [75 Pac. 59]), and the *remittitur* filed in the superior court on February 26, 1904. After the filing of the *remittitur*, Bunting made a demand in writing upon the defendants herein (plaintiffs in said action of *Benson* v. *Bunting*) for the payment of the money provided by said judgment for said redemption, and at the same time tendered to them a conveyance by him to them of said property. But the defendants refused to pay the money so demanded, or any part thereof, specifying no objection to the tender or demand excepting to state that said defendants were entitled

to thirty days' time from and after such demand, wherein to make the payment demanded. This tender and demand were made on the twenty-seventh day of April, 1904, and thirty days thereafter, to wit, on the twenty-eighth day of May, 1904, the plaintiff herein made a second tender to said defendants of a conveyance of the property and again demanded of them the payment of said sum fixed by the court as the amount required for redemption, but said defendants refused, and ever since have refused to pay the said sum of money so demanded or any part thereof. Thereupon the plaintiff brought the present action. The judgment appealed from determines that the plaintiff is the owner in fee simple absolute of the property, and adjudges that his title thereto be quieted as against any and all of the claims of any of the defendants, that said defendants be enjoined from asserting any claim whatever in or to said land adverse to said plaintiff, and that possession of said land be restored to said plaintiff.

The contention of the appellants is that their tender to the plaintiff, within thirty days after the entry of judgment in *Benson* v. *Bunting,* of the amount required for redemption was in itself sufficient to accomplish the redemption, and that when such tender was refused it was not necessary thereafter to keep it good or to pay the amount to plaintiff. If we were dealing with the question of a redemption from execution sale, effected by act of the judgment debtor in the manner and within the period fixed by law, this contention would undoubtedly be sound, and that for the simple reason that the statute expressly so provides. Section 703 of the Code of Civil Procedure declares that "if the debtor redeem, the effect of the sale is terminated, and he is restored to his estate." Section 704 declares that "a tender of the money is equivalent to payment." Speaking of a tender in redemption made within the time prescribed by law, this court, in *Leet* v. *Armbruster,* 143 Cal. 663, [77 Pac. 653], said that "the tender operated instantaneously to redeem the property and revest the title in the redemptioner."

But was the redemption authorized by the decree in *Benson* v. *Bunting* the redemption provided for in section 702 et seq. of the Code of Civil Procedure? As a general rule, the redemption allowed by statute cannot be effected after the expiration of the statutory period allowed therefor. (*Tilley* v.

*Bonney,* 123 Cal. 118, 123, [55 Pac. 798]; *Davidson* v. *Gaston,* 16 Minn. 202, 230.) It is well settled, however, that courts of equity may, upon a proper showing of fraud, mistake or other circumstances appealing to the discretion of the chancellor, relieve judgment debtors whose property has been sold on execution from a failure to redeem within the statutory period. In such cases equity "in its discretion will grant relief on a proper bill, and allow the judgment debtor to redeem after the expiration of the redemption period." (17 Cyc. 1330; *Graffam* v. *Burgess,* 117 U. S. 180, [6 Sup. Ct. 686]; *Branch* v. *Foust,* 130 Ind. 538, [30 N. E. 631]; *Smith* v. *Huntoon,* 134 Ill. 24, [23 Am. St. Rep. 646, 24 N. E. 971].)

But such redemption, when authorized by the decree of a court of equity, finds its support, not in the provisions of the statute allowing redemption within a given time as a matter of right, but in the provisions of the decree granting to a party the privilege of redeeming upon terms fixed by the court as just. In the case at bar, the decree permitting redemption is described in the complaint, and no issue is made as to the allegations regarding it. Those allegations are that the court adjudged and decreed that certain defendants were entitled to redeem the property within thirty days from the date of entry of said judgment and decree, upon payment to the plaintiff of $819.89, with interest thereon at the rate of seven per cent per annum until payment, subject to certain reductions, and that in said decree it was further ordered and adjudged that if the said defendants should fail to redeem the property within thirty days, the said action might, upon motion of Bunting, the plaintiff herein, be dismissed. The complaint contains further allegations, from which it appears that the decree required the plaintiff to make and deliver to the defendants a deed of conveyance of the property in question.

Assuming that a court of equity may, in granting a right to redeem after the expiration of the statutory period, prescribe in its decree that the redemption so allowed shall be accomplished in the manner and subject to the conditions provided for statutory redemption, we think the decree in *Benson* v. *Bunting* should not be construed as giving to the plaintiffs in that action a right to a *statutory* redemption to

be exercised within a new period of thirty days. The redemption authorized by the decree differed in several respects from that allowed by the code. In the first place, the rate of interest to be computed on the amount required for redemption was not that fixed by law. (Code Civ. Proc., sec. 702.) Again, the decree provided for a conveyance by the plaintiff, whereas, in case of a redemption under the statute, payment, or even tender, would *"ipso facto* work a restoration to the judgment debtor, or his successor in interest, of his title." (*Leet* v. *Armbruster,* 143 Cal. 663, [77 Pac. 653].) But a more substantial reason for holding that the decree in *Benson* v. *Bunting* should not be construed as intending to merely extend the statutory right of redemption, which had been lost by lapse of time, is that the decree does not contain any language indicating such intention, and that every consideration of equity demanded of the court that no such relief should be granted. The plaintiffs in *Benson* v. *Bunting* came into a court of equity asking to be restored to a right which under the law had passed from them. Such relief could properly be granted them only on condition that they, themselves, did equity. To give to the decree the construction advanced by appellants, would be to hold that they, having come into a court of equity and obtained a decree permitting them to redeem property on payment of a certain sum, might merely by reason of a tender once made, hold all the substantial fruits of the decree while repudiating the obligations imposed by it upon them. This is not equity, and the decree in the former suit should not be construed so as to permit such result. It must be remembered that that decree was not final. The plaintiff, Bunting, had the right to appeal from it, and did in fact appeal. An acceptance of the tender made by defendants would have involved a waiver of his right of appeal. (2 Cyc. 652; *Wolff* v. *Canadian Pacific Ry.*, 89 Cal. 332, 338, [26 Pac. 825].) If the decree had the effect attributed to it by appellants, they, by their tender, compelled the plaintiff to waive his right of appeal, under penalty of losing the property, if he should decline to make such waiver and the decree should be affirmed. But he was not bound to waive his right of appeal. If the decree were erroneous, the mere tender of the money did not entitle the plaintiffs in that action to redeem, and, while the right of appeal subsisted, Bunting's.

title could not be finally divested by a tender which was not accepted and was not kept good. No doubt the appellants (plaintiffs in *Benson* v. *Bunting*) had a right to make the tender within thirty days after entry of the decree, and after so doing they could not be put in default until the plaintiff should tender them a deed and demand payment of the amount due. After the judgment had been affirmed, their right to redeem still existed, but it was a right to redeem upon the condition fixed by the decree, which was that the money should be paid by the defendants. This condition they refused to comply with, and that refusal having persisted after demand for the period of thirty days allowed them, the court below properly concluded that they had lost their right of redemption, and that the title vested in plaintiff by the commissioner's deed was unaffected by any adverse claim arising from the proceedings in *Benson* v. *Bunting.*

Appellants rely on section 1504 of the Civil Code, providing that "an offer of payment . . . stops the running of interest on the obligation, and has the same effect upon all its incidents as a performance thereof." We think this section has no application here. As we construe the decree in *Benson* v. *Bunting,* it gave to the defendants a mere option to redeem. That option imposed no "obligation" upon them, and neither the title to the land nor its possession was an "incident" to any obligation, within the meaning of this section.

The judgment is affirmed.

Angellotti, J., Shaw, J., McFarland, J., Lorigan, J., and Henshaw, J., concurred.

Rehearing denied.