[Civ. No. 4803. First Appellate District, Division One.—August 28, 1924.]

## ELLA M. MURPHY, Appellant, v. ARTHUR F. BRIDGE, as Administrator, etc., et al., Respondents.

[1] EXECUTION—RIGHT OF REDEMPTION—DECREE IN EQUITY—OFFER TO PAY—CONTINUING TENDER.—In an action to establish plaintiff's ownership of certain real property standing of record in the names of defendants and for an accounting to determine the amount due defendants under a deed of trust executed by plaintiff's predecessor, where the court determines that plaintiff is not entitled to the relief prayed for until she shall have paid to defendants the amount of money necessary to discharge the lien which they hold against said property, and the decree provides that if such payment is not made within a specified time the defendants shall have a writ of execution for the sale of said property to satisfy said debt, plaintiff's right of redemption within said limited time is not based upon statute, but arises from a decree in equity; and, under such decree, plaintiff acquires no right until she has extinguished said debt, and she cannot successfully prevent the terms of said decree from operating in defendant's favor without first proving that she complied therewith by payment of the amount due or by keeping her offer of payment good.

[2] ID.—RECITALS IN DECREE—NECESSITY OF KEEPING TENDER GOOD.—The fact that such decree provided that, after default in payment within the time specified, a sale of said property should be made under the same terms, conditions, and limitations "as to the right of redemption" as are provided by law in cases of sales of real property under statute, did not have the effect of converting the right of redemption, which was required to be exercised before sale, from an equitable to the statutory one, thereby relieving plaintiff of the necessity of keeping her tender of pay-

---

1. Necessity of keeping tender good in equity, note, 12 A. L. R. 938. See, also, 26 R. C. L. 647.

ment good, in order to prevent the terms of said decree from operating in defendant's favor.

[3] ID. — CONDITIONAL TENDER NOT IN GOOD FAITH — INTEREST — EVIDENCE—FINDINGS.—The evidence having been sufficient to justify the finding that plaintiff's tender of payment was conditional and not made in good faith (it having been predicated upon demands not capable of immediate fulfillment, and plaintiff having refused to agree to a reasonable extension of time to adjust the matter without prejudice to her rights), the trial court, on the hearing of defendant's motion for a writ of execution for the sale of the property, properly found that "no payment or tender of any sum of money whatever had been made," and that interest should run from the date defendants first tendered to plaintiff a deed to the property, in accordance with the terms of the decree.

[4] ID.—SUFFICIENCY OF DEED—PROPER RESERVATIONS—FINDINGS.— The court having found that the deed first tendered by defendants to plaintiff "complied in all respects with the provisions of the . . . judgment with regard thereto," and there being no evidence in the record on appeal to contradict such finding, the appellate court was bound to presume that the reservations contained in such deed, and which plaintiff did not complain of until many months thereafter when she made a tender of payment, were properly incorporated in said deed.

[5] ID.—IMPROPER DEED—WAIVER OF OBJECTIONS.—If the deed tendered by defendants to plaintiff (in accordance with the provision of the decree requiring such tender in order to start the running of interest) was not in proper form, objection thereto should have been made by plaintiff at that time, so as to give defendants reasonable opportunity to correct the same; and where plaintiff failed to so object, it must be deemed that the objections were waived.

---

(1) 27 Cyc., p. 1816.    (2) 27 Cyc., p. 1816.    (3) 38 Cyc., pp. 152, 158.    (4) 4 C. J., p. 775, sec. 2722.    (5) 27 Cyc., p. 1419.

APPEAL from a judgment of the Superior Court of Alameda County.   Joseph S. Koford, Judge.   Affirmed.

The facts are stated in the opinion of the court.

David D. Oliphant, Jr., and Hayes, Oliphant & Dukette for Appellant.

Keyes & Erskine for Respondents.

---

3. Sufficiency and effect of tender, notes, 77 **Am. Dec.** 470; 30 **Am. St. Rep.** 460.   See, also, 26 R. C. L. 640.

KNIGHT, J.—The plaintiff Ella M. Murphy has appealed from an order made on September 30, 1921, in the above-entitled action, for the issuance of a writ of execution directing the sheriff to sell certain real property described in the judgment in said action, to satisfy a lien existing thereon in favor of the defendant May E. Bridge, for the payment of the sum of $4,485, together with interest and costs.

It appears that on March 17, 1917, plaintiff obtained an interlocutory decree in said action adjudging that she was the owner of real property described in the complaint subject to the lien held thereon by May E. Bridge to secure the payment of any balance then remaining unpaid upon a certain indebtedness originally secured by a deed of trust made by one Aurrecoechea to F. W. Bridge and A. F. Bridge, trustees, dated October 15, 1911. Said interlocutory decree directed that an accounting be had to determine the amount due on said indebtedness. After said accounting was had, the court, on September 28, 1920, rendered its final decree in said action whereby it confirmed the report of the referee which set forth a balance due in favor of the defendant May E. Bridge of the sum of $4,485 and said plaintiff was by the terms of said final decree allowed to redeem said real property if within ninety days she paid said defendant said sum of $4,485, together with interest at seven per cent per annum from the date on which the defendant tendered to plaintiff a deed of conveyance of said property, the legal title to which was then vested in F. W. Bridge, the defendants' testator. In said final decree it was further adjudged that "if the said plaintiff shall not make the payment to said defendant of said sum of $4,485 within the time hereinabove limited, the said defendant may apply for and obtain a writ of execution for the sale of said property, or so much thereof as may be necessary for the payment thereof, together with interest and the costs and expenses of such sale, such sale to be made in the same manner and upon the same terms and subject to the same conditions and limitations as to the right of redemption, and the time therefor, as are provided by law in cases of sales of like property, upon execution."

Subsequently, on December 31, 1920, the defendant May E. Bridge tendered plaintiff a deed to said property, which

68 Cal. App.—25

tender was acknowledged by plaintiff in writing without making objection to the form of the deed or to the tender. Thereupon, on the same day, the parties entered into a stipulation whereby they agreed to withdraw their respective motions for a new trial and waive the right of appeal. By said stipulation they further agreed that the time fixed for the redemption of said property should be extended to and including July 15, 1921. About the hour of noon on July 15, 1921, Herman Murphy, husband and agent of plaintiff, accompanied by three other persons, called at the law offices of Messrs. Haven, Athearn, Chandler & Farmer, who appeared as attorneys of record for the defendants, and after being informed that Judge Haven, for whom Murphy inquired, was out of the city on his vacation, conferred with Mr. Athearn. The parties are not quite agreed as to the exact conversation that took place at said conference, but in the main there seems to be but little conflict and the important circumstances may be related as follows: Murphy stated he had called on behalf of his wife, the plaintiff, to pay the lien established by said action and to obtain from May E. Bridge a deed to said property as provided in said judgment. He then tendered the sum of $4,655.50 in cash and made demand for a deed. Athearn replied that all matters connected with that transaction were under the personal charge of Judge Haven and that he personally was not conversant with the details of the same, having withdrawn from the controversy some time previously. Murphy seemed insistent upon closing the transaction, however, and Athearn then produced and tendered the original deed dated December 18, 1920, signed and acknowledged by Mrs. Bridge, which had been previously tendered on December 31, 1920. Murphy declined to accept said deed, claiming it was different from the copy previously served on Mrs. Murphy. This assertion by Murphy was denied by Athearn, who contended that said deed was not different in any material respect. Murphy nevertheless declined to accept said deed and thereupon produced a form of deed which he demanded be executed and delivered. It was impossible to comply with this demand, however, for the reason, as Murphy had already been informed, that the whereabouts of May E. Bridge were unknown to Athearn, and Judge Haven was out of town.

As a matter of fact, Mrs. Bridge at the time was in Europe, where she had been traveling for several months. Athearn then stated that owing to the absence of both Mrs. Bridge and Judge Haven he was powerless to do anything further in the matter and that if Murphy would consent to allow the matter to stand in abeyance for thirty days he would assure Murphy that the rights of the parties would not be jeopardized thereby. Murphy declined to extend the time, however, and left with Athearn the form of deed he previously demanded should be executed. At the conclusion of the interview Murphy said: "So you refuse this money," to which Athearn replied: "I have no authority either to refuse or accept." Murphy then withdrew, taking the money with him. Nothing further was done until August 24, 1921, at which time the defendant May E. Bridge, through her attorney, Judge Haven, gave notice of motion for an order directing a writ of execution to issue upon the ground that plaintiff had failed within the time prescribed in said final decree or within the extensions agreed upon by the parties, to pay or tender to defendant the said sum of $4,485. The motion was accompanied by the affidavit of Judge Haven, which, among other things, set forth the tender of the deed on December 31, 1920, the stipulation extending the time for redemption to and including July 15, 1921, and the default of the plaintiff in making the payments provided for in said decree.

Said motion came on for hearing on September 23, 1921, upon the affidavits filed by the respective parties, the substance of which related to the interview that took place in Athearn's office. Upon inquiry by the court as to whether plaintiff had taken any steps to keep good the tender made to Athearn, counsel for plaintiff replied that no such steps had been taken. The court then inquired whether plaintiff was ready to tender the amount due under said final decree and was advised by counsel for plaintiff that plaintiff did not consider herself obligated to do so for two reasons, first, that the tender to Athearn discharged the lien; and, secondly, that the deed tendered by the defendant May E. Bridge was not properly acknowledged and contained certain reservations not warranted by the terms of the final decree. Counsel for defendants then stated that the deed originally

tendered to plaintiff on December 31, 1920, was again tendered and would be delivered upon payment of the amount due. After argument regarding the reservations contained in said deed, to which appellant had for the first time objected, the court suggested that in order to close the matter the defendants should prepare and present a new form of deed eliminating the objectionable reservations and that plaintiff should then pay over the money. Thereupon the court continued the hearing of said motion to September 30, 1921, at which time the parties again appeared in court and the defendants produced and tendered to plaintiff a deed duly executed in the form suggested by the court. Counsel for plaintiff stated that plaintiff did not intend to make any further tender of the amount due. Thereupon the order for the issuance of the writ of execution was granted, in which order the court found as facts, among other things, that the tender of the deed on December 31, 1920 "complied in all respects to the provisions of the aforesaid judgment with regard thereto," that the time for redemption of the property was extended by stipulation until July 15, 1921, and "that no payment or tender of any sum whatsoever had been made to defendant May E. Bridge, pursuant to the provisions of the aforesaid judgment and decree." Said order then directed the issuance of the writ of execution for the sale of said property to satisfy the aforesaid indebtedness of $4,485 with interest from December 31, 1920, and costs and expenses of sale. Said order further provided that said sale be made in the same manner and upon the same terms and subject to the same conditions and limitations as to the right of redemption and the time therefor as are provided by law in cases of sale of real property upon execution.

The appellant now contends that the offer to pay the amount of said indebtedness on July 15, 1921, and the failure of the respondents to accept the same, operated as a discharge of respondents' lien and that thereafter respondents were not entitled to a writ of execution for the sale of said property. Respondents, in reply, claim that the alleged tender of July 15, 1921, was ineffective for any purpose for the reason that it was not kept good as required by section 1500 of the Civil Code. In the case of *Bunting* v. *Haskell*,

152 Cal. 426 [93 Pac. 110], it was held that where the right to redeem real property is not a statutory one but is a right granted to a redemptioner seeking affirmative relief by a court of equity upon the express condition that said redemptioner pay to the party holding title a sum of money within a specified time, the rights of said redemptioner under said decree do not become operative unless the tender of the money made thereunder is kept good. In the more recent case of *Archer* v. *Miller,* 192 Cal. 67 [218 Pac. 410], the same doctrine was applied. The question there arose concerning the rights of a redemptioner, under a decree in equity, after he had made two offers to pay the money, as directed by the decree and the court said: "A mere tender of the purchase price is not, however, sufficient to entitle the defendant to a conveyance of the property and to the delivery of immediate possession. By the terms of the decree the execution and delivery of the deed is to be made upon payment of the purchase price. Payment may be made either to a creditor directly or by depositing the amount in a bank to his credit and giving notice thereof to the creditor. (Sec. 1500, Civ. Code.) It is fundamental that to be effective a tender must be kept good. Upon the refusal of the plaintiff to accept the purchase price, the defendant could have deposited the money in a bank to the credit of the plaintiff, and thus kept his tender good."

[1] The record in the instant case shows that title to the property in question stood in the name of defendants' testator at the time the suit was commenced; that appellant, claiming to be the owner in fee of said property, brought said suit to divest that name of such title and to compel a conveyance of the same to her. By its decree the court in effect held that such relief should not be granted until appellant paid to respondent the amount of money necessary to discharge the lien which respondents held against said property. Appellant's right of redemption here, like the one in the case of *Bunting* v. *Haskell, supra,* was not based upon statute, but arose from a decree in equity in which the court declared that appellant be allowed to redeem said property if she complied with the condition imposed upon her by the court in said decree, namely, by first paying to respondents within a limited time, a sum of money which the

court found was justly due respondents, but that if such condition was not complied with the respondents should have a writ of execution for the sale of said property, to satisfy said debt. It would therefore seem clear, we think, under the authorities above cited, that appellant could acquire no rights in said property under said decree until she had extinguished said debt, nor could she successfully prevent the terms of said decree from operating in respondents' favor, without first proving that she had complied therewith by payment of the amount due or by keeping her offer of payment good. Consequently we are of the opinion that the order directing that the writ of execution issue should be sustained.

We do not consider the authorities cited by appellant in point because they relate either to a right of redemption under statute (*Leet* v. *Armbruster*, 143 Cal. 663 [77 Pac. 653], or to cases of tender under contracts (Civ. Code, sec. 1498), or to the running of interest on an obligation (Civ. Code, sec. 1504). A clear distinction is drawn between the class of cases last above mentioned and those like the present one, where as a condition precedent an obligation is required to be extinguished. (*Wolf & Co.* v. *Canadian Pac. Ry. Co.*, 123 Cal. 535–543 [56 Pac. 453].) [2] The fact that the decree here provided that, after default in payment, a sale of said property should be made under the same terms, conditions, and limitations ''as to the right of redemption'' as are provided by law in cases of sales of real property under statute, did not have the effect of converting the right of redemption, which was required to be exercised before sale, from an equitable to a statutory one. Appellant claims that in this proceeding she was acting on the defensive and was not asking affirmative relief. The case of *Bunting* v. *Haskell, supra,* is a complete answer to such claim. There Haskell was defending against an action brought by Bunting to quiet title and relied upon the validity of a tender (which was not kept good) made pursuant to the terms of a decree in equity rendered in a previous suit brought by Haskell or his predecessors in interest, for the purpose of obtaining the right to redeem said property. The court held that the alleged tender relied upon by Haskell in the Bunting suit was ineffective, for the reason that said

tender was not keep good. In the instant case appellant's alleged tender was urged as a defense to respondents' motion, which was made in the very suit in which appellant had sought and been granted affirmative relief. Said motion was presented pursuant to the directions contained in said decree and of necessity was made because appellant failed and refused, after obtaining such affirmative relief, to comply with the conditions of the decree upon which such affirmative relief was expressly granted. We therefore find no merit in appellant's point.

Appellant recognizes the force of the rule stated in *Bunting* v. *Haskell, supra,* but claims that it differs somewhat from the weight of authority, and in support of such claim cites a number of authorities, including decisions from other jurisdictions, among them being *Kortright* v. *Cady,* 21 N. Y. 343, 78 Am. Dec. 145. Appellant concedes, however, that in those jurisdictions wherein the rule of that case is followed it is also held that "a tender in order to become a foundation of an action in equity must be kept good or it will be wholly insufficient." (*Werner* v. *Tuch,* 127 N. Y. 217 [24 Am. St. Rep. 443, 27 N. E. 845]; *Breunich* v. *Weselman,* 100 N. Y. 609 [2 N. E. 385].) As already pointed out, the appellant here sought affirmative relief in equity and the equitable relief granted served as the basis of appellant's tender. It would therefore seem to matter little what other effect the rule of *Kortright* v. *Cady, supra,* may have, it has no application to the particular facts of this case.

The first tender of the deed by respondents was made on December 31, 1920, and therefore the court, in allowing interest from that date, merely followed the terms of the decree wherein it provided that respondents were entitled to interest from the date on which they tendered appellant a deed.

[3] We believe that the finding of the trial court that "no payment or tender of any sum of money whatever has been made" may be fairly sustained as respondents contend upon the ground that the alleged tender of July 15, 1921, was conditional and not made in good faith. (Civ. Code, secs. 1493, 1494.) As before stated, respondents on December 31, 1920, tendered plaintiff a deed dated December 18, 1920, which tender appellant acknowledged in writing with-

out objection to the form of the deed or the tender. Said deed was again tendered on July 15, 1921, but was then rejected by Murphy because it was claimed it did not correspond with a copy previously served on appellant. There is nothing in the record to show, however, that the variations amounted to anything more than typographical errors which did not affect the validity of the deed. Although it was too late then, within the time limit, to obtain another deed, for the reason that Mrs. Bridge and the attorney having personal charge of this transaction could not be reached, Murphy nevertheless produced a form of deed which he demanded be executed, but for reasons already stated such demand could not be complied with. Although Athearn requested a reasonable extension of time to adjust the matter without prejudice to the rights of the appellant, Murphy refused to agree to it. On September 23, 1921, the matter came on for hearing before the court and this same deed of December 18, 1920, was again tendered by respondents, at which time, so far as the record shows, appellant did not raise the point of variance, but for the first time objected to the reservations contained in said deed.

[4] We must presume that the reservations complained of were properly incorporated in said deed, however, in view of the fact that the trial court found that the tender of this identical deed on December 31, 1920, "complied in all respects with the provisions of the aforesaid judgment with regard thereto" and there is no evidence in the record to contradict such finding. When the motion came on for hearing a second time appellant refused to accept the corrected deed with said clause eliminated. [5] If the deed tendered by respondents on December 31, 1920, was not in proper form objection thereto should have been made by appellant so as to give respondents reasonable opportunity to correct the same. Having failed to so object, it must be deemed that the objections were waived. (Civ. Code, sec. 1501; *Hammond* v. *Haskell,* 14 Cal. App. 522 [112 Pac. 575]; *Duff* v. *Anderson,* 50 Cal. App. 397 [195 Pac. 445]; *Royal* v. *Dennison,* 109 Cal. 558 [42 Pac. 39]; *Koeford* v. *Gordon,* 122 Cal. 314, [54 Pac. 1115].)

The evidence narrated is sufficient, we think, to justify the conclusion that Murphy, in refusing on July 15, 1921, to

accept the deed of December 18, 1920, then tendered by Athearn, and in offering the money at that time with the express condition attached to the tender that it be accepted only upon the execution by Mrs. Bridge, who was not present, of the form of deed then produced and submitted by him, imposed an unwarranted condition that was impossible of performance within the time limit, and that therefore the alleged tender was not made in good faith.

The order appealed from is affirmed.

Tyler, P. J., and St. Sure, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 27, 1924.

All the Justices concurred.