[Civ. No. 24618. Second Dist., Div. Three. Jan. 3, 1961.]

OMNIBUS INVESTMENT CORPORATION (a Corporation), Appellant, v. HENRY H. MAAG, Respondent.

Edwin M. Rosendahl and Andrew J. Weisz for Appellant.

Edward M. Raskin and Gerald E. Lichtig for Respondent.

BISHOP, J. pro tem.*—Plaintiff's appeal to the trial court to permit it to redeem from a sale under execution, after the statutory time for redemption had expired—presented in its second amended complaint—proving unsuccessful, it has appealed from the judgment that followed the order sustaining a demurrer without leave to amend. We, too, find the second amended complaint not to state a cause of action, and so are affirming the judgment.

To understand the situation a chronological statement of events is advisable, taken, of course, from the last complaint.

June 11, 1957, plaintiff acquired the fee title to a parcel of unimproved land with "a present reasonable market value of $600,000.00."

June 17, 1957, the present defendant commenced an action against the present plaintiff, and others, in which, October 9, 1957, a stipulated judgment of $350,000 was entered in favor of the present defendant and against the present plaintiff (and others).

October 10, 1957, the United States of America "filed in the office of the County Recorder . . . certain liens and clouds on title affecting the described real property in amounts in excess of $1,000,000.00" based on unpaid income taxes of persons other than plaintiff.

October 10, 1957, the present defendant obtained and recorded a writ of execution; the sheriff levied upon the parcel of land belonging to the present plaintiff, and March 28, 1958, sold it, at execution sale, to the present defendant, who was the only bidder, for the amount of his judgment and costs.

March 19, 1959, the period set by section 702, Code of Civil Procedure, during which the present plaintiff could redeem its property from the execution sale, expired, and unless prevented by a court of equity, the defendant "has or will receive a Sheriff's deed to the described real property."

June 25, 1959, one George M. Eltinge wrote the plaintiff that he desired to acquire the property sold at execution, and

---

*Assigned by Chairman of Judicial Council.

would pay, through escrow, $600,000 for the property, "upon delivery to me of title to said real property absolutely free and clear of any and all encumbrances, except covenants, conditions and restrictions of record."

September 29, 1959, the second amended complaint was filed. We need not wonder about its statement that the period of redemption expired March 19, less than a full year after the sale, for the full year had expired before the amended pleading was filed in which the plaintiff still sought the strong arm of equity to aid it in effecting a redemption.

"It is well settled ... that courts of equity may, upon a proper showing of fraud, mistake or other circumstances appealing to the discretion of the chancellor, relieve judgment debtors whose property has been sold on execution from a failure to redeem within the statutory period." (*Bunting* v. *Haskell* (1907), 152 Cal. 426, 430 [93 P. 110, 111].) The plaintiff admits that it has shown no fraud or mistake. The crucial question is, has it shown "other circumstances" that should have appealed to the discretion of the chancellor?

It should be noted, first of all, that the plaintiff neither now, nor at any time, has tendered the amount necessary to redeem nor offered to do so except under unreasonable conditions. We make the latter statement because the only offer made to redeem it was through the use of the offer to buy, made by George M. Eltinge, noted in our chronological narration of events. But that offer was conditioned as quoted above, and Mr. Eltinge further stated: "This offer is being made as of the date hereof, and I am ready, willing and able as of the date hereof to complete the purchase." It is also alleged by the plaintiff, in its second amended complaint, that "subsequent to the filing of the original complaint in the within action," that is, at an indefinite time after March 19, 1959, a date two months before the letter was written, Mr. Eltinge "reaffirmed his readiness, willingness and ability to pay said sum of $600,000.00." Elsewhere in its complaint plaintiff alleges that it cannot sell, that is, is in no position to accept the Eltinge offer, because the United States of America—not a party to this action—and the defendant cannot and will not agree as to which has the priority of lien rights, and as to the amounts involved and allegedly due each.

The plaintiff has endeavored, further, to put the defendant in a bad light—as though that would improve the light in which it stands—by complaining that the failure of the defendant to come to an agreement was for the purpose of

enabling the defendant to gain unconscionably by the deal, and, as a consequence, that he comes into equity with unclean hands. For whatever it is worth we find it stated in *Webb* v. *Vercoe* (1927), 201 Cal. 754, 766 [258 P. 1099, 1104, 54 A.L.R. 1200], that in such an action as this, the doctrine of ''unclean hands'' is not involved. Moreover, the defendant did not come into this action; he was brought in; he is not seeking equity, but to be let alone; the rule as to unclean hands has no application.

 The plaintiff alleges, further, that it had brought, and that there was pending, in the federal court, an action to quiet title against the United States Government. During pendency of the action, according to plaintiff's information and belief, the attorney for the government advised the attorney for the plaintiff that he would recommend a settlement for $150,000, which information the plaintiff's attorney conveyed to the attorney for the defendant (in this action) who was not interested. We see in this chain of events no reason for a court of equity to intervene. At the outset of the events in which we are interested, the plaintiff owed the defendant $350,000, and it stipulated to judgment in that amount. To date, the defendant has not been paid, although he has, by buying plaintiff's property at execution sale, caused his judgment to be satisfied. Because of the liens filed, not by the defendant, justly or not, the defendant has not realized on the property and may not be able to do so, ever, or, for some time. Perhaps it would have been a wise thing for him to raise the sum of $150,000, if he could, in order to remove the government's liens, but his failure to do so, or to consider doing so, did not make it error for the trial court to conclude that the plaintiff had not shown itself entitled to equitable relief.

We have not reviewed, in this opinion, every allegation of plaintiff's second amended complaint, but we have read them, more than once, and find no fault in the order sustaining the general demurrer without leave.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 1, 1961.